**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bobby Gene RANTZ,
Defendant–Appellant.**

No. 87–1988.

United States Court of Appeals,
Tenth Circuit.

Dec. 6, 1988.

Michael M. Jackson, Topeka, Kan., for defendant-appellant.

Benjamin L. Burgess, Jr., U.S. Atty., Wichita, Kan., D. Kan., Kurt J. Shernuk, Asst. U.S. Atty., Topeka, Kan., D. Kan., for plaintiff-appellee.

Before LOGAN and TACHA, Circuit Judges, and ANDERSON, Senior District Judge.[1]

ALDON J. ANDERSON, Senior District Judge.

This appeal is from the denial of a motion to vacate sentence pursuant to 28 U.S. C. § 2255. The sentence resulted from petitioner's conviction of conspiracy to defraud the government by filing fraudulent income tax returns. He challenges the denial on the grounds that he was denied effective assistance of counsel and that the trial court erred with respect to various aspects of the trial and use of the presentence report.

## FACTUAL BACKGROUND

While in prison on other charges, the petitioner, Bobby Gene Rantz, along with three other defendants, was charged with conspiracy to defraud the government by supplying names and social security numbers of individuals for use on fraudulent tax returns. Twenty false returns were discovered amounting to over $316,000.00 in refunds. After the government's case was presented, which consisted largely of tape-recorded conversations made by Mr. Rantz from prison telephones, he proffered no evidence in his behalf to rebut the criminal charges. The jury found three of the defendants, including petitioner, guilty as charged.

Mr. Rantz now moves to vacate his sentence on a number of grounds. His first claim is that he was denied effective assistance of counsel. He contends that his trial attorney rendered ineffective assistance by (1) not permitting him to testify; and (2) making the trial a "sham" by not providing a defense because of a purported agreement that the petitioner would be released from prison two to six weeks after the trial (due to his testimony against a cell-mate in an unrelated case) regardless of the verdict. Pursuant to 28 U.S.C. § 2255, the trial court conducted an evidentiary hearing and permitted petitioner to bring forth evidence regarding the alleged ineffective assistance. After the trial court found that he was not denied effective assistance of counsel, he argued that the evidentiary hearing was conducted improperly since the trial court did not issue subpoenas he had requested for additional witnesses.

Petitioner's next claim is that the trial court erred in requiring him to testify, if he desired to do so, before other defense testimony was heard by the court. He argues that this requirement denied him due process and violated his right against self-incrimination.

His last two claims involve the presentence report and the sentencing itself. Petitioner contends that the trial court (1) denied him an opportunity to read the presentence report; and (2) did not resolve objections to the report prior to the imposition of the sentence.

In rebuttal, the government first claims that petitioner was not denied effective assistance of counsel. The government argues that defense counsel did not permit Mr. Rantz to testify because he believed his testimony would be false and fraudulent.

---

1. The Honorable Aldon J. Anderson, Senior District Judge, United States District Court for the District of Utah, sitting by designation.

Thus, in order to avoid assisting in the commission of perjury, defense counsel did not permit petitioner to testify.

As to the assertion that defense counsel presented no evidence at trial because the trial was a "sham," the government contends that there was no support for petitioner's wild theories of an early release or his acting as a government informant. The government shows that Mr. Rantz's own witnesses had no knowledge of any purported agreement between the petitioner and the government for an early release. Since petitioner's attorney saw that the evidence was overwhelming against his client and there was no factual foundation for his anticipated testimony or defense, his decision not to present evidence and to pursue negotiations with other law enforcement agencies was reasonable.

As to the alleged improprieties in the evidentiary hearing, the government contends that the trial court did not issue subpoenas to additional witnesses because their testimony was cumulative to that already provided.

As to the claim that the trial court erred in requiring the petitioner to testify before other defense testimony, the government argues that this is precluded from review because it is raised for the first time on appeal. Alternatively, the government contends that any error was harmless and petitioner was not prejudiced by the court's requirement to testify first since neither he nor any of his witnesses testified at trial.

With respect to the presentence report, the government contends that the fact petitioner advised the court of certain inaccuracies contained within the report indicates that he had in fact read it and was familiar with its contents. Finally, the government argues that the only disputed part of the presentence report concerns petitioner's version of the criminal offense. The government contends that this is not a factual dispute as contemplated by Rule 32(c)(3)(D). Moreover, even if this were a proper factual dispute, petitioner did not appropriately present it as such so that the court could resolve it before sentencing.

1. *Ineffective Assistance of Counsel.*

Petitioner first claims that his sentence should be vacated because he was denied effective assistance of counsel. He claims that Mr. Hecht, his trial attorney, did not adequately represent him because he was denied the opportunity to testify in his own behalf and present his defense. The trial court conducted an evidentiary hearing, heard petitioner's claims, and concluded that he was not denied effective assistance of counsel. In conjunction with this finding, petitioner claims that the trial court procedurally erred by not issuing subpoenas for certain witnesses he had desired to put on the stand.

On appeal from an evidentiary hearing conducted pursuant to a motion to vacate sentence, the trial court's factual findings should not be disturbed unless clearly erroneous. *Crail v. United States*, 430 F.2d 459, 460 (10th Cir.1970). In order to find that counsel rendered ineffective assistance, it must be shown that counsel did not exercise "the skill, judgment and diligence of a reasonably competent defense attorney." *United States v. Afflerback*, 754 F.2d 866, 870 (10th Cir.) *cert. den.* 472 U.S. 1029, 105 S.Ct. 3506, 87 L.Ed. 2d 636 (1985). There is a strong presumption that counsel provided effective assistance of counsel and petitioner has the burden of proof to overcome that presumption. *United States v. Cronic*, 466 U.S. 648, 658, 104 S.Ct. 2039, 2046, 80 L.Ed.2d 657 (1984).

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) the Supreme Court set forth the two elements that must be established to show whether counsel's assistance was so defective as to require the reversal of a conviction. First, it must be shown that counsel committed serious errors so as to not be functioning as the "counsel" provided by the Sixth Amendment. *Id.* at 687, 104 S.Ct. at 2064. To determine whether counsel's performance comported with the Sixth Amendment, the inquiry is whether the attorney's conduct is reasonable in light of all the circumstances of the case. *Id.* This is an objective standard based on whether the reasonable defense attorney would act in

the same manner as the defense counsel in the situation being analyzed. *Id.* at 688, 104 S.Ct. at 2065.

Second, it must be shown that counsel's performance was prejudicial to the defense. *Id.* at 687, 104 S.Ct. at 2064. "[T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

 Petitioner's claim fails on both of these elements. First, it appears that defense counsel's conduct was reasonable given the overwhelming amount of evidence against the petitioner. Since the constitutional right of an accused to testify does not require counsel to allow his client to falsely testify, *Nix v. Whiteside*, 475 U.S. 157, 171, 106 S.Ct. 988, 997, 89 L.Ed.2d 123 (1985), Mr. Hecht was not obligated to put the petitioner on the witness stand or proceed with a fabricated defense that had no factual basis if he knew that the testimony and defenses were false. Mr. Hecht testified that since the government's case was so powerful, the petitioner's testimony would not be believable, and that their best strategy would be to continue negotiations with law enforcement officials regarding petitioner's testimony in another case. As noted above, Mr. Hecht also testified that it would have been perjury, in his judgment, for the petitioner to testify that he was not involved in the transactions with criminal intent when the evidence was overwhelming that he was the initiator of the conspiracy. Indeed, the trial court found that there was overwhelming evidence presented at the evidentiary hearing showing that petitioner's testimony and defenses were completely false.

Second, there is no evidence that counsel's performance was prejudicial to the petitioner. Because of the amount of evidence against the petitioner, this court cannot conclude that there is a reasonable probability that the result of the case would have been different had counsel permitted petitioner to testify or proceed on the fabricated defenses. On the contrary, it is unlikely that any available evidence that could have been presented would have rebutted the evidence against the petitioner.

Since there is ample support in the record for the trial court's factual findings and ruling, we must conclude that the trial court was justified in its holding and was not clearly erroneous.

Petitioner also claims that the trial court committed error in failing to allow him to subpoena additional witnesses for the evidentiary hearing. The trial court ruled that the testimony of the additional witnesses would have been cumulative of witnesses who had already testified on the petitioner's behalf. Since the court is not required to issue subpoenas for witnesses providing cumulative testimony, *Malinauskas v. United States*, 505 F.2d 649, 656 (5th Cir.1974), we find that the trial court did not abuse its discretion in refusing to issue the subpoenas.

### 2. *The Trial Court's Requirement that Petitioner Testify First.*

Petitioner's next argument is that he was prejudiced when the court required him to testify, if he desired to do so, before any other defense testimony was heard. He claims that this prohibited him from putting forth his best case and deprived him of due process and the right against self-incrimination. In response, the government points out that this claim is precluded from review because it is raised for the first time on appeal. In addition, the government argues that even if petitioner had properly advanced this issue on appeal, he was not prejudiced by the court's requirement to testify first since neither he nor any of his witnesses testified at trial.

To begin, this court is precluded from reviewing any issues raised for the first time on appeal which were not properly raised in the trial court. *United States v. Williams*, 371 F.2d 536 (10th Cir.1967); *Hayes v. United States*, 419 F.2d 1364, 1368 (10th Cir.1969). Since it appears that petitioner failed to raise this issue at the trial level, we are reluctant to now permit him to belatedly assert this claim. However, even assuming the issue had been

properly raised at the trial level, it is evident that the petitioner was not harmed by the trial court's requirement that he testify first.

It should be noted at the outset that requiring a defendant to testify at the beginning of his case in chief may result in a denial of due process and violate the privilege against self incrimination. *Brooks v. Tennessee*, 406 U.S. 605, 92 S.Ct. 1891, 32 L.Ed.2d 358 (1972). In *Brooks*, the Supreme Court invalidated a Tennessee statute requiring that a criminal defendant desiring to testify must do so before any other defense testimony is heard. *Id.* at 609, 92 S.Ct. at 1893. The court based its ruling on two grounds. First, it found that the statute was "an impermissible restriction on the defendant's right against self-incrimination, 'to remain silent unless he chooses to speak in the unfettered exercise of his own will, and to suffer no penalty ... for such silence.'" *Id.* (quoting *Malloy v. Hogan*, 378 U.S. 1, 8, 84 S.Ct. 1489, 1493, 12 L.Ed.2d 653 (1964)). The court explained that

> a defendant may not know at the close of the state's case whether his own testimony will be necessary or even helpful to his cause. Rather than risk the dangers of taking the stand, he might prefer to remain silent at that point, putting off his testimony until its value can be realistically assessed. Yet, under the Tennessee rule, he cannot make that choice in the "unfettered exercise of his own will." [The rule] exacts a price for his silence by keeping him off the stand entirely unless he chooses to testify first. This, we think, casts a heavy burden on a defendant's otherwise unconditional right not to take the stand.

*Id.* at 610–11, 92 S.Ct. at 1894–95. (footnotes omitted).

Second, the court held that whether or not the defendant is going to testify, and when, is an important tactical decision as well as a constitutional right. *Id.* at 612, 92 S.Ct. at 1895.

> By requiring the accused and his lawyer to make that choice without an opportunity to evaluate the actual worth of their

evidence, the statute restricts the defense—particularly counsel—in the planning of its case.... The accused is thereby deprived of the "guiding hand of counsel" in the timing of this critical element of defense.

*Id.* at 612–13, 92 S.Ct. at 1895–96.

The court concluded that

> [w]hile nothing we say here otherwise curtails in any way the ordinary power of the trial judge to set the order of proof, the accused and his counsel may not be restricted in deciding whether, and when in the course of presenting his defense, the accused should take the stand.

*Id.* at 613, 92 S.Ct. at 1895.

The trial court in the instant case was concerned that it might have a *"Bruton"* problem, named for the case of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). In *Bruton*, the court held that at a joint trial with a co-defendant who does not testify, an accused's right of cross-examination, as secured by the Sixth Amendment's confrontation clause, is violated by the admission of the co-defendant's confession inculpating the accused. *Id.* at 126, 88 S.Ct. at 1622. In effect, this type of situation requires a defendant to either testify to rebut the co-defendant's confession, or waive the right to testify and leave standing the unrebutted inculpatory testimony. This type of testimony is so prejudicial that instructing the jury to disregard the co-defendant's confession as to other defendants is insufficient to remedy the violation of constitutionally protected rights. *Id.* at 137, 88 S.Ct. at 1628.

▮ From the record, it is apparent that the trial court attempted to avoid a *Bruton* problem by requiring any of the four defendants who wanted to testify to do so before their witnesses took the stand. Although the trial court's intentions were laudable, this requirement is in violation of an accused's right to due process and interferes with the "guiding hand of counsel." *Brooks v. Tennessee*, 406 U.S. at 613, 92 S.Ct. at 1895.

However, the trial court's action, at least as to the petitioner, was harmless and does

not support a reversal of his conviction. Both Mr. Rantz and his defense counsel stated in the evidentiary hearing in connection with petitioner's Motion to Vacate Sentence that the court's requirement did not impact on the decision to put the petitioner on the stand or present evidence in his behalf. Petitioner specifically testified that he had no objection to the fact that he would have to take the stand before other witnesses. He further testified that he had no need, and, in fact, did not testify at trial because his counsel informed him that the pending charge would be dismissed at a later date, and he would be released from federal custody in two to six weeks regardless of the outcome of the pending trial.[2]

Defense counsel testified that he did not put petitioner on the witness stand because of overwhelming evidence against the petitioner that his testimony would be false. He testified that petitioner's only defense was that he entered into the fraudulent transactions for the purpose of gaining information which he could supply at a later time to the government as an inducement to show him leniency for the conviction and sentences he was then serving. He further testified that it would have been perjury, in his judgment, for the petitioner to testify that he was not involved in the transactions with criminal intent when his own voice (from the telephone conversations recorded at the prison) portrayed him as the initiator and moving force behind the conspiracy.

Therefore, it is not contended by either the petitioner or his trial counsel that the petitioner did not testify because of the trial court's requirement that he do so before other defense testimony was put on. In fact, it is undisputed that the trial court's requirement had no bearing on the decision to put petitioner on the witness stand. Thus, any error resulting from requiring petitioner to testify first was harmless and, even if properly presented on appeal, does not support a reversal of the petitioner's conviction.

### 3. The Presentence Report.

Petitioner's last contentions are that the trial court erred in (1) denying him an opportunity to read the presentence report contrary to Rule 32(c)(3)(A); and (2) not resolving objections to the presentence report before sentencing pursuant to Rule 32(c)(3)(D).

Both of these arguments are without merit. First, there is sufficient evidence that petitioner was afforded an opportunity, and, in fact, had read the presentence report. At the time of his sentencing the court inquired of him and his counsel if there was anything contained in the report that should be called to the attention of the court. Petitioner advised the court that the report was incorrect with respect to the number of years he had been in jail. This testimony supports a finding that petitioner had in fact read the presentence report and was informed of its contents.

His second contention, that objections to the presentence report had not been resolved before sentencing, is also without merit. The objections to the report that petitioner argues needed resolution are (1) the government's disagreement with Mr. Rantz's statement of facts; and (2) defense counsel's disagreement with petitioner's statement of facts with respect to the paragraph alleging that defense counsel told him that a deal was concluded on his behalf and he need not testify at trial.

■ A defendant may make a motion under Rule 32(c)(3)(D) if he believes that the presentence report contains inaccurate or misleading information that might affect the sentence imposed by the court. On a Rule 32(c)(3)(D) motion, a sentencing judge in the Tenth Circuit must meet two requirements: (1) make written findings concerning the disputed information or a written

---

**2.** This release was purportedly in connection with petitioner's proposed testimony in an unrelated criminal proceeding. Mr. Hecht strongly disputes and denies petitioner's testimony regarding this purported deal. He testified that he never made any promises to the effect that Mr. Rantz would be released as a result of his testimony in other cases. Mr. Hecht testified that he was attempting to negotiate deals with law enforcement agencies on behalf of petitioner, but that no deals had been made. The trial court concluded that there was absolutely no support for this contention made by the petitioner.

determination that findings are unnecessary because the disputed information is not being relied upon in sentencing the defendant; and (2) attach the findings or determination to the presentence report. *U.S. v. Golightly*, 811 F.2d 1366, 1367 (10th Cir.1987). "The purpose of Rule 32 is to ensure that the defendant's sentence is based on accurate and reliable information and that subsequent recipients of the report are explicitly and specifically apprised of the court's basis for the sentence imposed."

This circuit has not yet addressed the resolution of a factual dispute where it concerns the tenor of the presentence report or a party's version of the offense. However, in *United States v. Aleman*, 832 F.2d 142 (11th Cir.1987), the Eleventh Circuit analyzed a situation where the defendant complained of the tenor of the report and the government's version of the criminal offense. *Id.* at 143. In dismissing the allegations as insufficient to invoke the procedures under Rule 32, the court held that the defendant has the responsibility to bring inaccuracies to the court's attention. *Id.* at 144. Objections that go to the form or tenor of the report and that are vague or cryptic do not constitute specific inaccuracies which trigger Rule 32(c)(3)(D). *Id.* at 145. The court went on to note that the defendant must make clear and specific objections and assert with specificity each factual mistake of which the defendant complains before the court must invoke Rule 32. *Id.* "To hold otherwise would oblige the district court to guess whether a challenge is being mounted as well as what defendant wishes to contest; Rule 32 does not place that burden on district judges." *Id.*

In the instant case, the requirements of *U.S. v. Golightly, supra*, are unnecessary. First, petitioner has never requested the court under Rule 32(c)(3)(D) to resolve any factual inaccuracies contained in the presentence report. Second, the factual inaccuracies cited by petitioner were not brought to the court's attention on his behalf. Rather, it was the government and defense counsel (on behalf of himself) who objected to the petitioner's version of the offense, not the petitioner who was objecting to the government's characterizations of the offense, or other prejudicial information that could affect his sentence. Third, petitioner was not prejudiced by the court's failure to resolve the alleged dispute, since he would have actually benefited if the court had used the disputed information contained in the report.

Finally, petitioner did not bring an objection before the court regarding the alleged dispute. When defense counsel was permitted to bring up matters requiring resolution before sentencing, the following exchange took place:

Mr. Hecht: We made a notation on the original presentence report concerning the defendant's version of the offense as contained in the last paragraph on page four of that report. We would tell the court that we have a different understanding of the facts, just want to preserve the record.

The Court: Anything as far as the government is concerned?

Mr. Shernuk: Your Honor, the government has read the presentence report. I think we also noted on the copy that we signed that we certainly would contest the defendant's version of the offenses in this particular instance.

The Court: All right. I believe we are ready to proceed now with sentence. Let me ask you first, any reason sentence should not be pronounced in this case?

Mr. Hecht: No, Your Honor.

The Court: Do you know of any reason?

The Defendant: None

■ Consequently, the district court did not err in interpreting this exchange as acceptance of the presentence report. The petitioner himself did not object to the contents of the report. Both the petitioner and his counsel clearly indicated that sentencing could proceed. The only disagreement about the report was that defense counsel and the government disagreed with petitioner's version of the offense. This does not constitute an objection to factual inaccuracies by the petitioner so as to trigger Rule 32(c)(3)(D). Therefore, there was

no factual dispute to resolve before the imposition of sentence.

## CONCLUSION

The evidence clearly supports the trial court's holding in the evidentiary hearing that petitioner's counsel did not render ineffective assistance of counsel. In addition, the trial court did not abuse its discretion in refusing to subpoena additional witnesses for the evidentiary hearing, since courts are not required to issue subpoenas for witnesses providing cumulative testimony.

Although the trial court erred in requiring petitioner to testify, if he desired to do so, at the beginning of his case in chief, the error was harmless since there is overwhelming evidence that petitioner would not have testified regardless of the trial court's ruling. Thus, even if this issue was properly presented on appeal, the error was not prejudicial and does not support a reversal of the petitioner's conviction.

Finally, the trial court did not err with regard to the petitioner's presentence report. His own testimony supports a finding that he had read the presentence report and was informed of its contents. We also find that the trial court did not err in failing to resolve alleged factual inaccuracies in the presentence report before sentencing. The only disagreement about the report was that both the defense counsel and the government contested petitioner's version of the offense. This does not constitute an objection to factual inaccuracies by the petitioner so as to trigger Rule 32(c)(3)(D). Consequently, the decision of the trial court is affirmed.