955 F.2d 49
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joe L. BLANTON, Defendant-Appellant.
 No. 91-5094.
 United States Court of Appeals, Tenth Circuit.
 Feb. 14, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Joe L. Blanton (Blanton) appeals from the district court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2255. In his petition, Blanton contended that his counsel, Mr. Larry Gullekson (Gullekson), following Blanton's pleas of guilty and sentencing, refused to file an appeal and, instead, informed Blanton that he would have to obtain the services of a public defender. Blanton alleged that Gullekson did not advise him how to obtain such assistance or that there was any time limit in filing an appeal. Thus, Blanton asserts that his attorney rendered ineffective assistance of counsel at a critical stage of the proceedings, thereby depriving him of his Sixth Amendment right.
 
 
 3
 Blanton, pursuant to a plea agreement, pled guilty to three counts contained in two separate indictments. One, the Dallas, Texas, case No. 88-CR-061-04, was transferred to Oklahoma Federal District Court pursuant to Fed.R.Crim.P. 20. In that case, Blanton was sentenced under the Sentencing Reform Act of 1984, 28 U.S.C. § 994(a), to 60 months of imprisonment and three years of supervised release on one count of conspiracy to defraud the United States. In the second case, the Tulsa, Oklahoma case, No. 87-CR-118-C, Blanton was sentenced to five years' imprisonment on a conspiracy to defraud the United States count and three years imprisonment on a count charging making false material statements to the IRS and scheming to conceal material fact from the IRS, to be served consecutively. The 60-month imprisonment and three years of supervised release were to be served concurrently with the imprisonment in the Tulsa case. In addition, in the Tulsa case, Blanton was ordered to make restitution to the IRS of $7,280.00, to pay one-half of the costs of prosecution in amount of $3,264.66, and to pay a special assessment of $50.00 on each of the two counts. In the Dallas case, Blanton was ordered to pay a fine of $12,500 and a special assessment of $50.00. Blanton did not appeal from either conviction.
 
 
 4
 It must be recalled that Blanton, while represented by retained counsel, Gullekson, entered pleas of guilty. Some eleven claims of error involving those pleas and subsequent sentences were raised by Blanton in a prior 28 U.S.C. § 2255 proceeding and were rejected by the district court, which held that § 2255 may not be used as a substitute for a direct appeal. On appeal, we held that Blanton's claim that he instructed his counsel (Gullekson) to file a timely notice of appeal which counsel agreed to do but never did, required a remand of the case to the district court for consideration of this claim. United States v. Blanton, Nos. 89-5122, 89-5195 and 89-5170 (10th Cir., Nov. 14, 1990).
 
 
 5
 The district court conducted an evidentiary hearing on remand relative to Blanton's allegations of ineffective assistance of counsel. Blanton appeared, represented by Mr. David Booth and Mr. Steve Grenbel of the Federal Public Defender's office. Testimony was presented and arguments of counsel were heard. The District Court found: (1) Blanton was advised by his attorney, Gullekson, that he had a right to appeal his conviction, and he was also so advised within the time limits to file an appeal, (2) Blanton was timely advised by his attorney, Gullekson, of the issues which could have been appealed, relating to his conviction, (3) Blanton did not pursue his appeal in a timely manner, and he did not request that his attorney, Gullekson, file an appeal on his behalf, (4) Blanton forewent an appeal, deliberately bypassing the initial appeal process.
 
 
 6
 The district court heard some conflicting testimony of Blanton, Miss Terri Jean Tolbert, former wife of Blanton who was called as his witness, and Gullekson. Following the hearing, the district court made oral findings, that (a) Blanton never requested that Gullekson file a notice of appeal on his behalf, (b) Gullekson informed Blanton that the only issue he believed to justify an appeal was that of the constitutionality of the Sentencing Guidelines, (c) Blanton did not request the appointment of a public defender until thirteen days following his sentencing, and (d) Blanton did not ask anyone to file a notice of appeal. The court observed that "It may very well be that after the sentence and after the appeal period had run, that he then changed his mind and decided he'd like to have done something. That's not uncommon." (R., Supplemental Vol. I, p. 82). The court specifically found that "[T]he defendant did so deliberately bypass it, that no request was made to appeal. He knew he had the right of appeal. He was told about an appeal by his attorney, and that was not pursued." Id. at 83.
 
 
 7
 The district court applied the "deliberate bypass" standard announced in Fay v. Noia, 372 U.S. 391 (1963), when it entered its Order dated June 18, 1991. Days later, however, the Supreme Court, in Coleman v. Thompson, --- U.S. ----, 111 S.Ct. 2546 (1991), held that the "cause and prejudice" standard it had been applying since Wainwright v. Sykes, 433 U.S. 72 (1977), replaced the "deliberate bypass" standard. In Coleman, the Court "made it explicit: In all cases in which prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedure rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 2565.
 
 
 8
 This court has recognized that after Coleman, supra, the deliberate by-pass standard is no longer applicable in federal habeas corpus proceedings. Andrews v. Deland, 943 F.2d 1162, 1189 n. 41 (10th Cir.1991). And in Singletary v. Francis, --- U.S. ---- 111 S.Ct. 2879 (1991) the Supreme Court held that Coleman should be applied retroactively. See also, Williams v. Chrans, 945 F.2d 926, 932 (7th Cir.1991) (holding that Coleman 's "cause and prejudice" standard is to apply retroactively).
 
 
 9
 We have reviewed the entire record. We hold that the trial court's finding that Blanton knowingly and deliberately bypassed the appeal of his sentence was not clearly erroneous. United States v. Rantz, 862 F.2d 808, 810 (10th Cir.1988). There is no need to remand to the district court to consider the case under the "cause and prejudice" standard, inasmuch as the finding that Blanton knowingly and deliberately bypassed the appeal precludes the possibility that he could establish "cause," i.e., an external cause.
 
 
 10
 Blanton was aware of his right to appeal. He did not request that Gullekson perfect an appeal. Tenth Cir.R. 46.3 provides that "If a convicted defendant wishes to appeal, the defendant's counsel is responsible for continuing representation of the defendant until relieved by the Court of Appeals." This case is clearly distinguishable from the case of Abels v. Kaiser, 913 F.2d 821 (10th Cir.1990). Following sentencing, Abels, while represented by retained counsel, filed a timely notice of appeal and motion to withdraw his guilty plea. After the motion to withdraw the plea was denied, the time for perfecting an appeal expired without any brief having been filed by Abels' retained counsel. There apparently had been a sharp disagreement between Abels and his retained counsel. We held that Abels had been denied effective assistance of counsel because he asked his attorney to perfect an appeal and his attorney failed to do so. Unlike Abels, the evidence in the instant case as to whether Blanton ever asked Gullekson to perfect an appeal was in conflict. The district court specifically found that Blanton had not indicated his wish to appeal to Gullekson.
 
 
 11
 Findings of fact by a district court will not be disturbed on appeal unless they are clearly erroneous. Fed.R.Civ.P. 52(a); Amoco Prod. Co. v. Western Slope Gas Co., 754 F.2d 303, 309 (10th Cir.1985). A finding of fact is not clearly erroneous unless " 'it is without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made.' " Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir.1990) (quoting LeMaire ex rel LeMaire v. United States, 826 F.2d 949, 953 (10th Cir.1987)). In Anderson v. City of Bessemer City, 470 U.S. 564, 575, the Supreme Court made the following observation which is fully applicable here:
 
 
 12
 But when a trial judge's finding is based on his decision to credit the testimony of one or two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error.
 
 
 13
 We are reminded that in Tollett v. Henderson, 411 U.S. 258, 268 (1973), the Supreme Court held that when a criminal defendant, on the advice of counsel, pleads guilty, he cannot raise independent claims in a federal habeas corpus proceeding relating to constitutional rights which antedated the plea, but may only attack the voluntary and intelligent character of the guilty plea by showing that he was not adequately advised by his counsel.
 
 
 14
 We AFFIRM.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3