77 F.3d 493
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Henry Raymond TAFOYA, Petitioner-Appellant,
v.
Frank GUNTER, Director, Colorado Department of Corrections;
Gale A. Norton, Attorney General of the State of
Colorado, Respondents-Appellees.
 No. 95-1237.
 United States Court of Appeals, Tenth Circuit.
 Feb. 26, 1996.
 
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals from an order of the district court adopting the magistrate judge's recommendation and dismissing his petition for a writ of habeas corpus under 28 U.S.C. 2254. "We review the district court's legal conclusions de novo and its factual findings for clear error," Thomas v. Kerby, 44 F.3d 884, 886 (10th Cir.1995), and affirm for substantially the reasons relied on by the district court.
 
 
 3
 In May 1981, petitioner was tried and convicted in Colorado on charges of possession of a weapon by a previous offender and, in the second half of that bifurcated proceeding, of being a habitual offender. The state appellate courts ultimately upheld petitioner's life sentence on the latter count, but vacated a two-year sentence on the weapons charge as duplicative. His 2254 petition raises the following grounds for relief, aimed primarily at undermining the habitual offender conviction:
 
 
 4
 (1) His habitual offender status was premised on prior unconstitutional convictions, including (a) a 1970 vehicular homicide conviction tainted by invalid waiver of a jury and the right to remain silent, (b) a 1974 burglary conviction tainted by conflict of interest due to counsel's co-representation of petitioner and his brother, (c) a 1974 conspiracy-to-escape conviction, based on a plea, which was vacated in 1989 for failure to inform petitioner of the elements of the crime,[2] and (d) a 1978 assault conviction, based on a plea also allegedly tainted by inadequate advisement;
 
 
 5
 (2) he was deprived of the right to testify in the 1981 weapons charge trial through ineffective assistance of counsel; and
 
 
 6
 (3) the trial court presiding over the 1981 proceedings deprived him of a defense (by denying a motion for removal of a bullet from the victim in the shooting incident prompting the weapons charge), and improperly instructed the jury on the habitual offender count.
 
 
 7
 See R. I docs. 3 & 7. On appeal and now represented by counsel, petitioner has honed his contentions down to: (1) ineffective assistance of counsel resulting in the waiver of his right to testify in the 1981 trial on the weapons charge; (2) denial of his right to a jury trial in the 1970 vehicular homicide prosecution; and (3) ineffective assistance of counsel due to conflict of interest in the 1971 burglary trial. We consider only these latter contentions properly before us. See Dixon v. City of Lawton, 898 F.2d 1443, 1449 n. 7 (10th Cir.1990).
 
 
 8
 Federal habeas review of state court determinations is governed by 2254. Absent one of several exceptions listed in 2254(d), none of which are applicable here, state-court determinations of basic, primary, and historical facts are entitled to a presumption of correctness. 28 U.S.C. 2254(d); Townsend v. Sain, 372 U.S. 293, 309 n. 6 (1963); Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1536 (10th Cir.1994). This presumption, however, generally does not attach to mixed questions of law and fact. Thompson v. Keohane, --- U.S. ----, 116 S.Ct. 457, 464-65 (1995). While the underlying factual determinations still enjoy a presumption of correctness under 2254(d), the state court's ultimate application of a legal standard to its factual determinations is subject to independent federal review, with few exceptions. Id. at 465.
 
 
 9
 The Supreme Court in Thompson explicitly listed claims of ineffective assistance of counsel and an attorney's conflict of interest arising out of representation of multiple defendants as issues of law for 2254(d) purposes. See id. (citing Strickland v. Washington, 466 U.S. 668, 698 (1984)). Thus, petitioner is entitled to de novo review of the state courts' legal determinations on these claims.
 
 
 10
 To establish a claim of ineffective assistance of counsel, a habeas petitioner must show both "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. Petitioner alleges he gave up his right to testify in the weapons possession trial because counsel misadvised him that he could be impeached with his prior convictions and that his admissions thereto would serve as substantive evidence of the requisite predicate offenses in the subsequent habitual offender portion of the bifurcated proceeding. The second concern reflects counsel's misunderstanding of controlling law. See People v. Chavez, 621 P.2d 1362, 1367 (Colo.) (holding that substantive use of an admission of prior convictions elicited from a defendant testifying on his own behalf impermissibly burdens that defendant's constitutional right to testify), cert. denied, 451 U.S. 1028 (1981). In reviewing petitioner's claim of ineffective assistance of counsel, however, the Colorado Court of Appeals found the threat of impeachment with numerous prior felonies--a risk correctly perceived and properly communicated by counsel--sufficiently compelling in itself to have dissuaded petitioner from testifying, thus obviating further scrutiny of counsel's redundant admonition arising from his misreading of Chavez.
 
 
 11
 We agree with the district court that petitioner has failed to show ineffective assistance of counsel because there were other legitimate reasons for advising petitioner not to testify. See Rogers-Bey v. Lane, 896 F.2d 279, 283 (7th Cir.) (rejecting ineffective assistance claim based on attorney's partially erroneous advice against testifying where other, proper considerations counselled same course), cert. denied, 498 U.S. 831 (1990). Furthermore, by neglecting to specify or explain the favorable significance of the lost testimony in question, petitioner has failed to demonstrate the requisite "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." United States v. Rantz, 862 F.2d 808, 811 (10th Cir.1988)(quoting Strickland, 466 U.S. at 694), cert. denied, 489 U.S. 1089 (1989); see also United States v. Miller, 907 F.2d 994, 1004 (10th Cir.1990)(holding that party claiming ineffective assistance of counsel must show that counsel's actions "were so ineffective that a new trial would result in a verdict of not guilty").
 
 
 12
 With respect to petitioner's claim regarding counsel's joint representation of the petitioner and his codefendant brother at the 1971 burglary trial, the burden was on petitioner to "demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). On appeal, petitioner argues that the state's case was stronger against his brother (found by the police in the burglarized building) than against him (found running through a nearby field), and that, as a result, joint counsel could not seek a lenient plea bargain for him, or argue vigorously for his acquittal, without somehow prejudicing his brother. Appellant's Brief at 21-22. We agree with the district court that under the circumstances such conclusory and speculative assertions do not establish the actual, adverse conflict required under Cuyler. Even if the state did have a stronger case against petitioner's brother, petitioner was not in a position where " 'the prosecution's evidence offered [him] a theory under which he could prove his own innocence by proving his codefendent's guilt,' " or any other situation that we have recognized as involving an actual conflict of interest. United States v. Burney, 756 F.2d 787, 792 (10th Cir.1985)(quoting United States v. Benavidez, 664 F.2d 1255, 1259 (5th Cir.), cert. denied, 457 U.S. 1135 (1982)).
 
 
 13
 Finally, the state court considering petitioner's attack on his jury waiver in the 1970 vehicular homicide trial held an evidentiary hearing in 1989 and, based on the record and its assessment of the recollective testimony offered, found a valid waiver. In light of the deference we afford the state court's credibility determinations, see Hatch v. Oklahoma, 58 F.3d 1447, 1468 (10th Cir.1995), and the presumption of regularity attending petitioner's signed waiver, see United States v. Wicks, 995 F.2d 964, 979 n. 18 (10th Cir.), cert. denied, 114 S.Ct. 482 (1993), we conclude that the district court properly determined--as did the state court--that petitioner's waiver of a jury trial was valid.
 
 
 14
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 The invalidity of this prior conviction makes the validity of the remaining three a necessary condition of petitioner's habitual criminal status. See Colo.Rev.Stat. 16-13-101(2)