**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TUCKER MENDENHALL,

Petitioner-Appellant,

v.

DAVID PARKER, Warden,

Respondent-Appellee.

No.13-7032
(E.D. of Okla.)
(D.C. No. 6:12-CV-00050-RAW-KEW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges

Tucker Roger Mendenhall, proceeding *pro se*, seeks a certificate of appealability (COA) to appeal from the district court's denial of his habeas corpus petition brought under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1) (a petitioner may not appeal the denial of habeas relief unless a COA is issued). Because Mendenhall has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mendenhall was convicted in Oklahoma state court on one count of indecent exposure in violation of 21 Okla. Stat. § 1021(A)(1) and sentenced to twenty-five years in prison. He appealed his conviction to the Oklahoma Court of Criminal Appeals, which affirmed the judgment and sentence of the trial court. He filed this habeas petition in the Eastern District of Oklahoma, alleging insufficient evidence for conviction and ineffective assistance of counsel. The district court found that Mendenhall had exhausted his state court remedies as to the sufficiency of the evidence claim, but that he had not exhausted his remedies as to the ineffective assistance of counsel claim. Although Mendenhall had raised an ineffective assistance of counsel claim in his direct appeal, he alleged different grounds for the claim in his habeas petition.

The district court declined to grant Mendenhall a stay and abeyance of his petition because he did not show good cause for his failure to exhaust state court remedies for his ineffective assistance of counsel claim. It held that because his habeas petition contained both exhausted and unexhausted claims, Mendenhall had three options for proceeding: (1) dismiss the entire action without prejudice with the understanding that a second habeas petition could be barred by the statute of limitations; (2) dismiss the unexhausted claim and continue with the exhausted claim; or (3) continue with both claims with the knowledge that the court will dismiss for failure to exhaust state court remedies. The district court granted Mendenhall twenty-one days to advise the court how he intended to

-2-

proceed. Mendenhall failed to respond and the district court dismissed the action without prejudice. The district court then denied Mendenhall a COA. This appeal followed.

To obtain a COA, Mendenhall must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Because Mendenhall proceeds *pro se*, we construe his pleadings liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

A district court may not grant a habeas petition if the prisoner has not exhausted the available state court remedies. *See* 28 U.S.C. § 2254(b)(1); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The court may not grant a habeas petition that contains both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). District courts may grant a stay and abeyance of the petition if the petitioner can show "good cause" for his failure to exhaust his state court remedies. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). The petitioner bears the burden of showing he has exhausted his state court remedies. *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981).

Reasonable jurists could not debate whether Mendenhall's petition should have been resolved differently. The district court correctly concluded that the petition contained both exhausted and unexhausted claims. He exhausted available state court remedies as to his sufficiency of the evidence claim on direct appeal. But Mendenhall did not exhaust his state court remedies as to the ineffective assistance of counsel claim. He did not seek post-conviction relief in state court for his counsel's failure to explain the nature of his previous convictions to the jury. And Mendenhall did not show that he had good cause for failing to exhaust his state court remedies on this claim. Though he had the opportunity to seek dismissal of his unexhausted claim and pursue the sufficiency of the evidence claim in this § 2254 proceeding, Mendenhall failed to respond as directed by the district court. *Lundy* therefore required the district court to dismiss his entire habeas petition.

In his brief, Mendenhall additionally raises several issues that were not presented to the district court in his petition for habeas relief. Because they are raised for the first time on appeal, we decline to address them. *See United States v. Rantz*, 862 F.2d 808, 811 (10th Cir. 1988).

Accordingly, we DENY Mendenhall's request for a COA and DISMISS the appeal.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge