**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 3, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CLIFFORD A. DODDS,

    Defendant - Appellant.

No. 17-3116
(D.C. Nos. 2:15-CV-02621-CM &
2:13-CR-20043-CM-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

    Clifford Dodds, a federal prisoner, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion asserting ineffective assistance of counsel. Because Dodds has failed to demonstrate entitlement to a COA, we deny his request for a COA and dismiss this matter.

    After Dodds was charged with numerous federal drug and firearm offenses, he moved to suppress certain evidence. While that motion was pending, the government submitted a plea offer to Dodds agreeing to 120 months' imprisonment if he withdrew his motion to suppress and pleaded guilty to one count. The plea offer indicated it expired on December 2, 2013, a few weeks prior to the suppression

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

hearing. Dodds rejected this offer, and the district court subsequently denied his motion to suppress.

Dodds ultimately accepted a second plea offer under which he pleaded guilty to possession with intent to distribute 28 grams or more of cocaine base (crack cocaine) within 1000 feet of a school and possession of a firearm in furtherance of a drug trafficking crime. Both parties agreed, under Fed. R. Crim. P. 11(c)(1)(C), that Dodds should be sentenced to 210 months' imprisonment followed by eight years of supervised release. A presentence report (PSR) prepared under the 2014 Sentencing Guidelines determined that Dodds was a career offender under United States Sentencing Guidelines Manual (USSG) § 4B1.1 (U.S. Sentencing Comm'n 2013), and that his sentencing range should be 262 to 327 months' imprisonment. Nevertheless, the district court accepted the binding Rule 11(c)(1)(C) plea agreement and sentenced Dodds to 210 months.

Dodds filed a § 2255 motion in February 2015 asserting his counsel, John Kerns, was ineffective in representing him.[1] First, he claimed Kerns was ineffective in negotiating the government's 120-month plea offer. Specifically, he asserted that Kerns didn't advise him as to whether that offer should be accepted; guaranteed that Dodds would prevail on the motion to suppress evidence, causing Dodds not to give any meaningful consideration to that plea offer; failed to warn

---

[1] Dodds' plea agreement contains a waiver of appellate rights, but permits him to bring an ineffective assistance claim under § 2255 if the claim is related to counsel's ineffective assistance in negotiating or entering the plea. The district court ruled the government waived the appellate waiver by not seeking to enforce it.

Dodds that the plea offer would expire before the suppression hearing; and failed to inform him that he could be sentenced as a career offender, which would result in a substantially higher sentence than the 120-month plea offer. Dodds also claimed Kerns was ineffective by failing to object to the PSR's determination that Dodds prior convictions qualified him as a career offender under USSG § 4B1.1.[2]

The district court first denied Dodds' claim that Kerns was ineffective for failing to object to the PSR's career-offender designation. The court reasoned that Kerns couldn't have been ineffective in failing to object because the court accepted the parties' Rule 11(c)(1)(C) plea agreement and, thus, didn't sentence Dodds under the Sentencing Guidelines or rule on whether Dodds was a career offender. Because the district court accepted the parties' plea agreement, Dodds suffered no prejudice as to the PSR's determination that he should be sentenced as a career offender.

The district court conducted a hearing on Dodds' remaining claim that Kerns was ineffective in the initial plea negotiation process. Based on Kerns' testimony and case file records, as well as Dodds' affidavits, the district court denied Dodds' § 2255 motion. The court, after finding Kerns' testimony credible, concluded that (1) Dodd insisted Kerns file a motion to suppress; (2) Kerns didn't encourage Dodds

---

[2] Dodds later amended his § 2255 motion to claim one of his § 4B1.1 prior convictions should not have qualified as a crime of violence for sentencing purposes in light of *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015) (holding the residual clause of the Armed Career Criminal Act was unconstitutionally vague). The district court denied Dodd's *Johnson* claim on the merits after the Supreme Court ruled in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), that the advisory Sentencing Guidelines were not subject to a *Johnson* vagueness claim. Dodds does not seek a COA on that issue.

to file that motion; (3) Kerns never advised Dodds that he had 100 percent chance of success on the suppression motion or otherwise guaranteed its success; (4) Kerns read the 120-month plea offer to Dodds verbatim, including the December 2 deadline; (5) Dodds didn't ask about the government's 120-month plea offer after the suppression motion was denied because Dodds was fully aware that the offer had expired; (6) Kerns never said the offer would remain open after December 2; and (7) the potential that Dodds would be sentenced as a career offender was inherent in any discussion of the 120-month plea offer, and Kerns discussed that risk with Dodds and explained that risk had to be considered in deciding whether to accept the 120-month plea offer. Based on these findings and application of the ineffective assistance of counsel standards articulated in *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984), the district court ruled Kerns did not provide ineffective assistance of counsel. The court declined to issue a COA.

A prisoner challenging a denial of a 28 U.S.C. § 2255 motion must obtain a COA as a jurisdictional prerequisite to proceed with an appeal. 28 U.S.C. § 2253(c)(1)(B). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "In reviewing the denial of a § 2255 motion, we review the district court's legal rulings de novo and its findings of fact for clear error." *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001).

4

In his Application, Dodds points out that when Kerns testified at the hearing, he had difficulty recalling the details of his conversations with Dodds. It is true that Kerns explained that he could not independently recollect the details of his conversations with Dodds. But he also testified that he reviewed his notes and records and he was almost 100 percent certain that he read the plea offer to Dodds verbatim. Moreover, the terms of the plea offer included a discussion of the potential risk that Dodds could be sentenced as a career offender, and included the December 2, 2013 deadline. Kerns also testified that he was certain he discussed the risk of being sentenced as a career offender because that was the primary issue in Dodds' case. Finally, Kerns testified that he never guaranteed any client success on motions, and he would not have done so regarding Dodds' suppression motion.

Dodds has not shown that reasonable jurists could debate whether the district court's credibility findings were clearly erroneous. *See United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988) (reviewing for clear error a district court's factual findings after an evidentiary hearing). Nor has he shown that the court's legal conclusions are reasonably debatable.

We therefore deny a COA and dismiss the appeal.

Entered for the Court


Nancy L. Moritz
Circuit Judge

5