**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Pam GUTIERREZ and Simon Saint John Gutierrez, Defendants-Appellants.**

**Nos. 81–1604, 81–1639.**

United States Court of Appeals,
Tenth Circuit.

Dec. 14, 1982.

Rehearing Denied Jan. 24, 1983.

Certiorari Denied April 25, 1983.
See 103 S.Ct. 1884, 1885.

C. Phillip Miller, Asst. U.S. Atty., Denver, Colo. (Robert N. Miller, U.S. Atty., Denver, Colo., with him on brief) for plaintiff-appellee.

Richard N. Stuckey of Keene, Munsinger & Stuckey, Denver, Colo., for Pam Gutierrez, defendant-appellant.

Arthur S. Nieto of Pena, Pena & Nieto, P.C., Denver, Colo., for Simon Saint John Gutierrez, defendant-appellant.

Before SETH, Chief Judge, and McWILLIAMS and LOGAN, Circuit Judges.

McWILLIAMS, Circuit Judge.

Simon Saint Gutierrez and his wife, Pam Gutierrez, were jointly indicted for robbing a federally insured bank in Arvada, Colorado, in violation of 18 U.S.C. §§ 2, 2113(a) and (d). They were tried separately and each was convicted. Both appeal and their respective convictions are now affirmed.

## I. Common Issues

We dispose of the issues common to both appeals first. The appellants contend that the government improperly secured the indictments against them. Specifically, the appellants claim that the government did not disclose to the grand jury the motivation of the witness who implicated the appellants in the Arvada robbery.[1] That information, the appellants maintain, constitutes exculpatory evidence, which the government was required to present to the grand jury. Ordinarily, of

---

1. *See infra* note 5 and accompanying text.

course, an indictment is not subject to challenge on the ground of incompetent evidence. *See Costello v. United States,* 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956). And thus, "an indictment returned by a legally constituted and unbiased grand jury, valid on its face is sufficient to call for trial of the charge on the merits." *United States v. Hubbard,* 603 F.2d 137, 141 (10th Cir.1979). Here, the record indicates that the indictments against the appellants were facially valid. Moreover, the record indicates that the government's failure to turn over exculpatory evidence, if any, did not substantially impair the ability of the grand jury to perform its function. Thus, the indictments are valid.

 The appellants also argue that preindictment delay requires reversal. To prevail on this claim the appellants must show (1) that the delay prejudiced their claim and (2) that the prosecution purposefully caused the delay to gain a tactical advantage. *See United States v. McManaman,* 606 F.2d 919, 922 (10th Cir.1979). Suffice it to say that the record is devoid of evidence tending to show either prejudice or purposeful delay.

Finally, the appellants contend that it was error to admit evidence of other unlawful acts. The government established, *prima facie,* that Simon Gutierrez and one Hugh Walton forcibly robbed the First National Bank of Arvada of some $25,000. The government also established, *prima facie,* that Pam Gutierrez drove the get-away car, using her two children as "cover" to "throw-off" anyone who might observe the escape vehicle.

 Over objection, evidence of a bank robbery in Midlothian, Illinois, which occurred some five weeks after the Arvada robbery, was admitted. In this regard, the government showed that a sole gunman—Simon Gutierrez—entered the Midlothian bank and forcibly took currency belonging to that bank. The government further showed that on that occasion Pam Gutierrez drove the get-away car and that one of her children was in the escape vehicle.

As indicated, the appellants contend that the admission of evidence of the Midlothian bank robbery constitutes reversible error. We do not agree. Evidence of another crime may be admitted for the purpose of establishing motive, intent, preparation, plan, or identity. Fed.R.Evid. 404(b). Obviously, evidence of another crime is probative only if the "other crime" is similar to the crime charged—but the two crimes need not be identical. *See United States v. Myers,* 550 F.2d 1036, 1045 (5th Cir.1977), *cert. denied,* 439 U.S. 847, 99 S.Ct. 147, 58 L.Ed.2d 149 (1978). If the crimes share elements that possess "signature quality," evidence of the "other crime" may be admitted. Here, the "other crime," the Midlothian bank robbery, was quite similar to the crime charged, the Arvada bank robbery. For example, in both instances Pam Gutierrez drove the get-away vehicle and used her children as "cover." Accordingly, the district court properly admitted evidence of the Midlothian robbery.[2]

II. Additional Claims by Pam Gutierrez

Pam Gutierrez advances several additional grounds for reversal. Only one merits discussion.[3] Pam Gutierrez contends that the district court erred by admitting the testimony of one Hugh Walton, a participant in the Arvada bank robbery. Walton testified that Pam Gutierrez drove the get-

---

**2.** Subsequent to oral argument, we were advised by counsel that Pam Gutierrez was acquitted on charges relating to the Midlothian bank robbery. That fact, by itself, does not render evidence of the robbery inadmissible in the present proceedings, however. *United States v. Van Cleave,* 599 F.2d 954 (10th Cir. 1979); *Holt v. United States,* 404 F.2d 914 (10th Cir.), *cert. denied,* 393 U.S. 1086, 89 S.Ct. 872, 21 L.Ed.2d 779, *reh. denied,* 394 U.S. 967, 89 S.Ct. 1303, 22 L.Ed.2d 570 (1969).

**3.** The appellant also contends that the district court erred by permitting a witness to express his personal opinion as to her guilt and by giving an "Allen" instruction. The record indicates, however, that the witness merely pointed out the similarities he perceived between the Midlothian robbery and the Arvada robbery. Further, after examining the record we conclude that the district court's use of an "Allen" instruction was consistent with our previous pronouncements on the matter.

away vehicle used in the Arvada bank robbery. Pam Gutierrez maintains that Walton's testimony was derived from an immunized statement given by her to police authorities and therefore is not admissable. *See Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). Some background on this particular matter is necessary.

After the Midlothian bank robbery, Pam Gutierrez traveled to her home in Alma, Colorado. Shortly after arriving in Colorado, Pam Gutierrez was questioned by county police officials about several robberies committed in Glenwood Springs, Colorado. The police officials secured a state grant of immunity from prosecution for Pam Gutierrez to induce her to talk. After receiving immunity, Pam Gutierrez advised the local authorities that Hugh Walton had committed several robberies in Glenwood Springs. She also provided information relating to Walton's whereabouts.

Later, acting on the information given by Pam Gutierrez, FBI agents arrested Walton in Illinois. While in prison,[4] Walton contacted the FBI, indicating his willingness to cooperate in clearing up a number of robberies.[5] In the course of his interviews with the FBI, Walton admitted having participated in the Arvada robbery and implicated Simon and Pam Gutierrez as accomplices in that crime.

4. When he was arrested, Walton had in his possession money which linked him to yet another bank robbery. At the time he spoke with the FBI agents, Walton was apparently awaiting sentencing on charges related to that robbery.

5. At the time he implicated Pam Gutierrez, Walton was awaiting sentencing on an unrelated charge of bank robbery. *See supra* note 2. He hoped that his cooperation would result in a lighter sentence for that offense. However, Walton was aware of the statement made by Pam Gutierrez, and his cooperation was motivated, in part, by a desire to "get back" at her.

6. Because Pam Gutierrez, with full knowledge of her rights, voluntarily agreed to make a statement, the constitutional principles enunciated in *Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972), are inapplicable to her claim. *See United States v. Dornau,* 491 F.2d 473, 479, 480 n. 13 (2d Cir. 1974), *cert. denied,* 419 U.S. 872, 95 S.Ct. 132,

Prior to trial, Pam Gutierrez challenged the admissibility of Walton's testimony on the ground noted earlier. The trial court, after conducting a full evidentiary hearing, held that Pam Gutierrez had been granted "transaction," as opposed to "use and derivative use," immunity and that the testimony of Walton therefore was admissible. On appeal, Pam Gutierrez reasserts that she was granted "use and derivative use" immunity; that Walton's testimony was derived from her immunized statement; and that, consequently, Walton's testimony is inadmissible.

■ The record indicates that on the advice of counsel Pam Gutierrez voluntarily and knowingly agreed to make a statement in return for immunity from prosecution for the Glenwood Springs robberies.[6] Nothing else was promised by the police officials. Indeed, the police officials informed Pat Gutierrez that she was still subject to prosecution for unrelated crimes. Use and derivative use immunity was simply not granted. Thus, the use of Walton's testimony did not violate the immunity agreement between the parties.

Judgments affirmed.

42 L.Ed.2d 111 (1974). *See generally Fisher v. United States,* 425 U.S. 391, 397, 96 S.Ct. 1569, 1574, 48 L.Ed.2d 39 (1976) (absent compulsion, fifth amendment is inapplicable); *Michigan v. Tucker,* 417 U.S. 433, 439–46, 94 S.Ct. 2357, 2361–65, 41 L.Ed.2d 182 (1974) (same). *But see United States v. Kurzer,* 534 F.2d 511, 513 n. 3 (2d Cir.1976) (holding that, in the absence of explicit language to the contrary, an informal immunity agreement confers the minimum immunity required by the Constitution). If, however, she had been compelled to testify—for example, if she had been called before a grand jury—the result in this appeal could conceivably be different, since for purposes of constitutional doctrine use immunity is a subset of transactional immunity. *See United States v. Quatermain,* 467 F.Supp. 782, 788 (E.D.Penn. 1979), *rev'd on other grounds,* 613 F.2d 38 (3d Cir.1980), *cert. denied,* 446 U.S. 954, 100 S.Ct. 2923, 64 L.Ed.2d 812 (1980).