**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

ANTHONY TAYLOR,

        Defendant-Appellant.

No. 95-3387
(Dist. of Kansas)
(D.C. No. 95-CR-10033)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **RONEY**[**]**,** and **BARRETT**, Circuit Judges.

---

    Anthony Taylor appeals his conviction on a one-count charge for possession with intent to distribute or, in the alternative, for aiding and abetting in the distribution of crack cocaine. Taylor's appeal rests on two grounds: 1) the district court erred in giving an aiding and abetting jury instruction when the state

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable Paul H. Roney, Senior Circuit Judge for the 11th Circuit Court of Appeals, sitting by designation.

presented no evidence of that charge; and 2) the admission of his prior convictions under Fed. R. Evid. 404(b) and 403 was an abuse of discretion. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and affirms.

## BACKGROUND

On the evening of February 23, 1995, two Wichita police officers observed a maroon station wagon driven by a person the officers suspected had outstanding arrest warrants. The officers checked the license plates and found they were registered to another vehicle. The officers were called to respond to a different matter but again observed the maroon vehicle later that evening. After following for a short time, the officers stopped the vehicle, approached Taylor, the driver, and asked for his driver's license. Taylor did not have a valid driver's license and explained that the license plates on the car belonged to another vehicle which he owned. Taylor also explained that he had purchased the maroon station wagon about four weeks earlier.

With Taylor's consent, the officers searched Taylor and his car. In Taylor's front pants pocket, they found approximately $800 in bills of small denomination. Taylor indicated that he made the money from selling cars or repairing cars. The

officers also found a pager in his coat pocket and food stamps[1] in his rear pants pocket. Because the officers' view of the back of the vehicle was obstructed by a large stereo system, they asked if Taylor would consent to a search of his car by a drug-sniffing dog. Taylor consented. Based on the dog's inspection, the officers pulled up the carpet in the rear of the vehicle and found a compartment which contained a large shoe box. Inside one of the shoes in the shoe box was a pouch filled with cocaine base. The pouch also contained more food stamps and razor blades. The officers then arrested Taylor.

During the police interview, after waiving his Miranda rights, Taylor stated he earned the money the officers found in his pocket from working and that he had the pay stubs to prove it. He also stated that he knew nothing of the cocaine found in the shoes in the shoe box. He explained that a few days before he had merely picked up the shoe box from his mother's garage and placed it in the backseat of his car. Moreover, he stated that the shoes had been a gift from his former girlfriend.

On March 6, 1995, Taylor was charged in a one count indictment with possession with intent to distribute or, in the alternative, for aiding and abetting in the distribution of crack cocaine. The aiding and abetting allegation was

---

[1] According to one of the government's witnesses at trial, food stamps are a common method of payment for narcotics.

pursuant to 18 U.S.C. § 2(a) which states: "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." No other parties were charged with possession or with intent to distribute crack cocaine.

Taylor filed a motion *in limine* seeking to exclude his two prior convictions for possession of cocaine.[2] Specifically, Taylor's first prior conviction followed his arrest on January 27, 1992, after police officers purchased cocaine from Taylor at his residence. Later, the officers obtained a search warrant and found additional quantities of cocaine in Taylor's bedroom. The officers also found approximately $700 and a razor blade in the bedroom. Taylor pleaded guilty to cocaine possession. Taylor's second prior conviction followed a July 20, 1992 search of a second residence following a drug complaint. Taylor consented to the search, and the officers found a small quantity of cocaine, a razor blade, and $1000 in the vehicle parked next to his house. Taylor again pleaded guilty to cocaine possession.

---

[2] There is some dispute in the record as to whether the prior convictions were for possession of cocaine or cocaine base. The arresting officers at the prior convictions referred to the substance found as cocaine base. However, the lab results referred to the substance found as cocaine. In addition, Taylor pleaded guilty to possession of cocaine for both arrests. According to the government, Kansas law does not differentiate between cocaine base and cocaine. The district court treated the prior convictions as being for cocaine, and we will do likewise.

-4-

The court held that the prior convictions were admissible as they were relevant to show Taylor's knowledge and intent with respect to the present crime charged and were not too remote in time. The court provided the jury with limiting instructions three times: when two witnesses testified about Taylor's prior convictions and during the final charge.

Although aiding and abetting was not the government's focus, it sought an indictment in the alternative for aiding and abetting because it was unsure of the defense theory at the time. In fact, the only trial evidence relating to the aiding and abetting allegation was Taylor's own evidence, which implied that his girlfriend or friend may have been the principal and Taylor the aider and abetter. Taylor was convicted on the one count charged in the indictment.

## ANALYSIS

Taylor first argues the district court erred in submitting the aiding and abetting instruction to the jury because the government presented no evidence that Taylor acted in concert with any other party. In *United States v. Langston*, three defendants argued the judge had erroneously given jury instructions containing alternate liability theories of conspiracy or aiding and abetting conspiracy. 970 F.2d 692 (10th Cir. 1992). This court stated:

> The aiding and abetting statute operates not to create a separate
> crime but instead to abolish "the common law distinction between

principal and accessory." . . . "A defendant can be convicted as an aider and abettor even though he was indicted as a principal for commission of the underlying offense and not as an aider and abettor, providing that commission of the underlying offense is also proven." Thus, because the jury was instructed on both theories we should affirm the convictions if the government presented sufficient proof of *either* the substantive offense or of aiding and abetting.

*Langston*, 970 F.2d at 705-06 (emphasis added) (quoting *United States v. Smith*, 838 F.2d 436, 441 (10th Cir. 1988)). Under the *Langston* analysis, Taylor's conviction should be affirmed because the government presented sufficient proof of the substantive offense even though it presented no proof of aiding and abetting. We therefore find no error in the district court's aiding and abetting instruction.

Taylor next argues that under Fed. R. Evid. 404(b) and 403, the district court should not have admitted Taylor's two prior convictions for cocaine possession. The district court's receipt of evidence under Rule 404(b) is reviewed for an abuse of discretion. *United States v. Hardwell*, 80 F.3d 1471, 1488 (10th Cir. 1996). Because Rule 403 arguments are essentially subsumed in 404(b) arguments, we address the Rule 403 and 404(b) arguments together. *See United States v. Robinson*, 978 F.2d 1554, 1558-59 (10th Cir. 1992).

Rule 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such

as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b).

In *Robinson*, this court adopted a five-part test to determine admissibility under Rule 404(b). 978 F.2d at 1558-59. *Robinson* states:

we have long urged trial courts to determine that the proffered evidence:
 (1) tends to establish intent, knowledge, motive, identity, or absence of mistake or accident;
 (2) is so related to the charged offense that it serves to establish intent, knowledge, motive, identity, or absence of mistake or accident;
 (3) has real probative value and not just possible worth;
 (4) is close in time to the crime charged; and,
 (5) even if relevant, be excluded if the probative value is substantially outweighed by the danger of unfair prejudice.

*Id.*

Taylor first argues the evidence of his prior convictions did not meet elements (1) and (2) of the *Robinson* test and thus were not relevant to the current conviction. Taylor notes his two prior cocaine convictions were for mere possession, not possession with intent to distribute. In addition, he claims the amounts of cocaine involved in the prior convictions were much smaller than the amount of cocaine involved in the current conviction.

We find, however, the district court did not abuse its discretion in holding that elements (1) and (2) of the *Robinson* test were met. Taylor's primary defense at trial was that he did not *knowingly* possess the cocaine base which he admits

the government found in his car. Thus, the elements of Taylor's knowledge and intent were placed directly in issue.

In *United States v. Rackstraw*, a defendant claimed that "he thought he was delivering only a car to Denver and that he did not know the cooler contained crack." 7 F.3d 1476, 1479 (10th Cir. 1993). This court found the admission of the defendant's prior sale of crack to an undercover agent was not an abuse of discretion because "[t]he government offered the evidence for a proper purpose because Rule 404(b) allows evidence of other acts for the purpose of intent, knowledge and lack of mistake." *Id.* The court further stated: "We have long recognized the relevance of prior crimes in the context of narcotics violations where the uncharged misconduct is close in time and similar in method to the charged scheme and where knowledge or intent was at issue." *Id.*

In Taylor's case, we find the district court did not abuse its discretion in finding the evidence was relevant to show knowledge and intent. The district court went through each of the elements of the *Robinson* test and found the prior convictions relevant to show Taylor's knowledge that he possessed the cocaine and that he intended to distribute it. *See United States v. Reddeck*, 22 F.3d 1504, 1509 (10th Cir. 1994) (holding evidence of prior misconduct admissible where "trial court conducted several hearings and conferences to clarify the use of the two pieces of evidence and explicitly found them relevant" under Rule 404(b)).

Moreover, Taylor's prior convictions were similar in method to the conviction at issue here. In *United States v. Gutierrez*, this court held that "evidence of another crime is probative only if the 'other crime' is similar to the crime charged--but the two crimes need not be identical. If the crimes share elements that possess 'signature quality,' evidence of the 'other crime' may be admitted." 696 F.2d 753, 755 (10th Cir. 1982) (citation omitted); *see also United States v. Abreu*, 962 F.2d 1425, 1437 (10th Cir. 1992) (finding district court's admission of defendant's subsequent possession of controlled substance to show knowledge and intent with respect to current charges was not abuse of discretion).

In Taylor's case, the crimes share elements that possess "signature quality." All three involved the same drug: cocaine. With each incident, Taylor claimed he knew nothing about the narcotics found either in his car or the residence where he was found. In all three instances, the officers found large sums of cash in small bills on Taylor's person or in his car. Each time, Taylor claimed he earned the money buying or selling cars or through his employment with an auto shop, yet no pay stubs were ever found. Finally, as the district court noted, each instance occurred in the same general vicinity in Wichita. Thus, we find the district court did not abuse its discretion in finding that the evidence of Taylor's prior narcotics convictions was relevant to show Taylor's knowledge that he possessed the cocaine and that he intended to distribute it.

Next, Taylor argues the evidence of his prior convictions did not meet element (4) of the *Robinson* test because the prior convictions occurred approximately three years before the federal trial. This court has upheld admission of prior convictions as far apart as four years. *United States v. Franklin*, 704 F.2d 1183, 1189 (10th Cir. 1983). In *Franklin*, this court stated: "'[T]here is no absolute rule regarding the number of years that can separate offenses. Rather, the court applies a reasonableness standard and examines the facts and circumstances of each case.'" *Id.* (alteration in original) (quoting *United States v. Engleman*, 648 F.2d 473, 479 (8th Cir. 1981)). This court thus finds that the district court did not abuse its discretion in determining that three years was not too remote. *See United States v. Bonnett*, 877 F.2d 1450, 1461 (10th Cir. 1989) ("The closeness in time and the similarity in conduct [are] matters left to the trial court, and [its] decision will not be reversed absent a showing of abuse of discretion.").

Finally, counsel for Taylor argues that under the fifth prong of the *Robinson* test, the evidence of Taylor's prior convictions was unfairly prejudicial and that the prejudice outweighed its probative value. Taylor argues that knowledge of his prior convictions predisposed the jury to believe Taylor was a drug-user and that he acted in conformity with his bad character or habit.

Again we find the district court did not abuse its discretion in finding the probative value of Taylor's convictions outweighed any unfair prejudice. As stated above, Taylor's prior convictions were probative of the issue of Taylor's knowledge, showing that he "was not a naive, unsophisticated mechanic who drove a car ... that happened to contain cocaine." *Rackstraw*, 7 F.3d at 1480 (stating "Although the evidence was prejudicial to [defendant], we cannot say that it was unfairly prejudicial, much less that any unfair prejudice 'substantially' outweighed its strong probative value.").

Moreover, the potential for unfair prejudice was diminished by the fact that the trial court gave the jury limiting instructions on three different occasions: before each of two different witnesses testified about Taylor's prior convictions and again at the close of arguments. Thus, we find the district court adequately considered each of the factors required under *Robinson* and *Huddleston* and did not abuse its discretion in allowing Taylor's prior convictions into evidence.

For the reasons set forth above, we **AFFIRM** the judgment of the United States District Court for the District of Kansas.

ENTERED FOR THE COURT,


Michael R. Murphy
Circuit Judge


-11-