UNITED STATES of America,

v.

Gregory D. COSBY, Movant.

Nos. CIV. A. 94–20061–01, (97–3261–EEO).

United States District Court,
D. Kansas.

Oct. 29, 1997.

Robert S. Streepy, Office of U.S. Atty., Kansas City, KS, for U.S.

### MEMORANDUM AND ORDER

Earl E. O'CONNOR, District Judge.

This matter is before the court on defendant's motion for writ of habeas corpus which will be construed as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. # 75). Having reviewed all materials filed, together with pertinent portions of the record, the court makes the following findings and order.

### Factual Background

The Tenth Circuit has summarized the facts of this case as follows:

On May 12, 1994, a man attempted to rob the Mercantile Bank branch facility located in a Kansas City grocery store. At the time of the attempted robbery, Julie Glore was working as a teller at the branch. The man handed Ms. Glore an envelope containing a note, which stated, "Teller, don't try nothing stupid. Call the police or anything put me large bills in this envelope. I want $100.00, $50.00, and $20.00. I do have a gun and I will killed." Tr. at 12. Ms. Glore described him as a black man wearing a blue hooded sweatshirt pulled up around his face and sunglasses. Before Ms. Glore could completely comply with his demands, the telephone rang inside the branch facility, startling the man and causing him to leave before receiving any of the demanded money. The demand note and the envelope were left at the scene. Mr. Cosby's fingerprints were subsequently found on the demand note and the envelope. On June 20, 1994, he was arrested for the attempted robbery of the Mercantile Bank. While Mr. Cosby was in a holding cell at the police station, a detective saw a white object drop to the ground from behind his back. Upon Mr. Cosby's removal from the cell, the detec-

tive discovered an envelope with a note that stated, "Teller, don't try any stupid I do have a gun. And will use it place large bills 100 & 50 in this envelope, don't push no alarms, give any signal or etc, I will shoot, do it fast." Tr. at 94–98.

On the day of his arrest, a search warrant was executed at Mr. Cosby's residence. Pursuant to the warrant, officers seized a blue hooded sweatshirt and a maroon briefcase containing personal papers. Based upon a comparison of the papers with the demand note used in the Mercantile Bank robbery attempt, a FBI handwriting examiner concluded that Mr. Cosby had written the demand note.

*United States v. Cosby,* 94 F.3d 656, No. 95–3142, 1996 WL 467652, at *1 (10th Cir.1996).

Before trial, Ms. Glore picked two individuals out of a total of five in a video lineup as the possible person who attempted to rob Mercantile Bank. Ms. Glore stated that although it was hard for her to decide she believed the defendant was the individual who attempted to rob the bank. At trial, Ms. Glore also identified the defendant as the individual who attempted to rob the bank. A jury convicted defendant of attempted bank robbery. Defendant appealed his conviction on several grounds and the Tenth Circuit affirmed. *See id.*

### Analysis

In reviewing a section 2255 petition, we presume the proceedings leading to the conviction were correct. *Klein v. United States,* 880 F.2d 250, 253 (10th Cir.1989). To obtain relief, defendant must show a "complete miscarriage of justice." *Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974).

### I. Government Witness Identification Testimony.

██ Defendant maintains that the court erred by allowing an eyewitness identification by Ms. Glore. In particular, defendant claims that the court should have excluded Ms. Glore's eyewitness identification because she could not positively identify the defendant in a pre-trial video lineup. The Tenth Circuit rejected the same argument on Mr.

Cosby's direct appeal. The Tenth Circuit stated:

> Mr. Cosby contends that the district court should not have allowed Ms. Glore to identify him in court because she had failed to positively identify him in a video line-up. He further argues that a "substantial likelihood of misidentification" existed because she had described the suspect as wearing sunglasses and a hood. Aplt.Br. at 10. We review the district court's ruling on the admissibility of evidence only for an abuse of discretion. *United States v. Poole,* 929 F.2d 1476, 1479 (10th Cir.1991).
>
> Although the authority cited by Mr. Cosby in his brief outlines the standard for admissibility of pre-trial identifications, he does not challenge the constitutionality of the pre-trial identification procedures in his case. Rather, he alleges that because Ms. Glore was not certain in her identification of him in the video line-up, she should not have been able to positively identify him at trial. Mr. Cosby cites no authority for the proposition that a witness' failure to positively identify a suspect in a line-up precludes that witness from identifying the suspect during her trial testimony. We reject such a position and conclude that the district court did not abuse its discretion in allowing Ms. Glore's in-court identification of Mr. Cosby.

*Cosby,* 1996 WL 467652, at *4 (footnote omitted).

"Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Prichard,* 875 F.2d 789, 791 (10th Cir.1989); see *United States v. Warner,* 23 F.3d 287, 291 (10th Cir.1994). Defendant has not presented any justification for requesting the court to reconsider the admission of Ms. Glore's eyewitness testimony. Accordingly, defendant's collateral attack on this issue is barred.

██ Although defendant's argument on this issue is barred, the court notes defendant's argument has little merit even if properly raised. Defendant apparently argues

that the court should have excluded Ms. Glore's testimony as unreliable under the factors set forth in *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). Courts apply the factors set forth in *Manson* in determining whether identification testimony is reliable despite a witness' exposure to the person identified during a prior suggestive identification or lineup. See *Manson,* 432 U.S. at 114, 97 S.Ct. at 2253; *United States v. Thody,* 978 F.2d 625, 629 (10th Cir.1992), *cert. denied,* 513 U.S. 907, 115 S.Ct. 273, 130 L.Ed.2d 190 (1994). Mr. Cosby again has failed to meet his burden to show that the prior identification procedure in this case was impermissibly suggestive or otherwise improper. *See* Jan. 30, 1995 Transcript (Doc. # 68) at 16–17 ("[T]he Court finds that the defendant has failed to sustain this initial burden ... the videotape itself was not impermissibly suggestive so as to violate the defendant's right to due process."). Defendant has simply advanced the same argument this court rejected in denying his motion in limine and the Tenth Circuit rejected on his direct appeal.

Even if Mr. Cosby could establish that the prior lineup was impermissibly suggestive, the court would conclude that Ms. Glore's eyewitness identification was properly admitted because the evidence was reliable. The factors under *Manson* in determining the reliability of an eyewitness identification after an improper lineup include: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation. *See Manson,* 432 U.S. at 114, 97 S.Ct. at 2253. Ms. Glore accurately described the height, build, and clothing (which was later found in defendant's possession) of the defendant. Ms. Glore also successfully identified defendant in a video lineup as the individual who attempted to rob the bank. We conclude that Ms. Glore's eyewitness identification was reliable and, therefore, properly admitted. *See Cosby,* 1996 WL 467652, at *4 ("the district court did not abuse its discretion in allowing Ms. Glore's

in-court identification of Mr. Cosby"). We also note that the admission of Ms. Glore's eyewitness identification certainly was not a complete miscarriage of justice in light of the other physical evidence placing defendant at the scene of the crime.

## II. Admission Of Other Crimes Evidence Under Rule 404(b).

Defendant argues that the court erred by admitting evidence of his three prior bank robbery convictions. Defendant argues that there were not sufficient "similarities" between the four bank robberies to warrant admission of the prior convictions. In rejecting the same argument on defendant's direct appeal, the Tenth Circuit held:

In the instant case, the district court determined that evidence of Mr. Cosby's prior convictions was relevant on the issue of identity. The government asserted and the district court agreed that such evidence was not used to prove Mr. Cosby's character, but rather was utilized to demonstrate that the other offenses and the current offense shared common elements which gave them a "signature quality." *See United States v. Gutierrez,* 696 F.2d 753, 755 (10th Cir.1982), *cert. denied,* 461 U.S. 910, 103 S.Ct. 1885, 76 L.Ed.2d 814 (1983). "[E]vidence of another crime need not be identical to the crime charged, but need only be similar and share with it 'elements that possess signature quality.'" *United States v. Porter,* 881 F.2d 878, 887 (10th Cir.) (quoting *Gutierrez,* 696 F.2d at 755), *cert. denied,* 493 U.S. 944, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989).

We conclude that the district court did not abuse its discretion in ruling that the other bank robberies shared a signature quality with the instant offense. The record reveals that all four crimes occurred mid-day between the hours of 11:50 a.m. and 2:50 p.m. In each case, the robber wore sunglasses inside the building and handed an envelope containing a demand note to the teller. The most striking similarity, however, is in the language used in each demand note. Each note was addressed to "Teller" and warned the teller not to try anything stupid because the

robber had a gun. Each note demanded that the teller place large bills in the same envelope to give back to him. Based upon this evidence, we conclude that the district court properly admitted evidence of Mr. Cosby's other offenses pursuant to Rule 404(b).

*Cosby,* 1996 WL 467652, at *2 (footnote omitted). The Tenth Circuit addressed on direct appeal the precise issue defendant raises in the instant motion. Accordingly, the court will not re-consider the merits of defendant's argument in his section 2255 motion. *See Warner,* 23 F.3d at 291; *Prichard,* 875 F.2d at 791.

### III. Ineffective Assistance Of Counsel.

■ Defendant claims that his trial counsel, Mr. Bruce Kips, provided ineffective assistance of counsel. In particular, defendant argues that counsel failed to call three potential alibi witnesses. There is a strong presumption that counsel provided effective assistance and a section 2255 defendant has the burden of proof to overcome that presumption. *See United States v. Rantz,* 862 F.2d 808, 810 (10th Cir.1988) (citing *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)), *cert. denied,* 489 U.S. 1089, 109 S.Ct. 1554, 103 L.Ed.2d 857 (1989). To prevail on his claim of ineffective assistance of counsel, defendant must show: (1) that his counsel's representation was deficient and (2) that counsel's deficient performance was prejudicial to defendant. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To establish that counsel's performance was deficient, defendant must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *see Rantz,* 862 F.2d at 810. Defendant must establish that counsel's "representation fell below an objective standard of reasonableness." *United States v. Walling,* 982 F.2d 447, 449 (10th Cir.1992). To meet his burden, defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

■ To prevail on his motion, the defendant must also show that trial counsel's performance was so prejudicial to the defense that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *see Rantz,* 862 F.2d at 810–11. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. To resolve defendant's ineffective assistance claim, the court is not required to determine the adequacy of counsel's performance, but may proceed directly to the second prong of the test and determine whether defendant has established prejudice. *See United States v. Jones,* 852 F.2d 1275 (10th Cir.1988); *United States v. Taylor,* 832 F.2d 1187, 1194–95 (10th Cir. 1987).

■ In the instant case, defendant has failed to establish either that Mr. Kips' performance was deficient or prejudicial. Mr. Kips filed a notice of alibi witnesses before trial and included three potential witnesses. Counsel did not present an alibi defense at trial. In light of the eyewitness and physical evidence indicating that defendant was at the scene of the bank robbery, the court finds that counsel's decision not to introduce an alibi defense falls within the range of reasonable professional assistance. Moreover, the court finds that defendant has not established that there is a reasonable probability that the results of trial would have been different but for the alleged errors. See *United States v. Rantz,* 862 F.2d 808, 810–11 (10th Cir.1988), *cert. denied,* 489 U.S. 1089, 109 S.Ct. 1554, 103 L.Ed.2d 857 (1989). Significantly, defendant has not submitted an affidavit of any of the potential alibi witnesses establishing that they would have been willing to testify and that the nature of their testimony would have been consistent with defendant's representations. Defendant's conclusory allegations of the nature of the witnesses' testimony is insufficient. In addition, defendant has failed to show that it is reasonably likely that the jury would have ignored the eyewitness and physical evidence

placing defendant at the scene of the bank robbery in favor of the testimony of the alibi witnesses. Defendant has not met his burden of showing "that the decision reached would reasonably likely have been different absent the [alleged] errors." *Strickland,* 466 U.S. at 696, 104 S.Ct. at 2069.

## IV. FDIC Insurance.

■ Defendant argues in his reply brief that there was no evidence to establish that the bank which was robbed was insured by the Federal Deposit Insurance Corporation ("FDIC"). Defendant's claim is procedurally barred because of defendant's failure to raise the issue on direct appeal. *See United States v. Allen,* 16 F.3d 377, 378 (10th Cir. 1994) ("[Section] 2255 is not available to test the legality of matters which should have been raised on appeal.") (quoting *United States v. Walling,* 982 F.2d 447, 448 (10th Cir.1992)) (internal quotations omitted). A defendant who fails to raise an issue on direct appeal is barred from raising the issue in a section 2255 proceeding, "unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *Allen,* 16 F.3d at 378. Defendant offers no excuse for failing to raise the issue in his direct appeal, nor has he shown actual prejudice or a fundamental miscarriage of justice.

■ Even if we addressed the merits of defendant's argument, we would reach the same result. Mr. Perott, assistant branch manager of Mercantile Bank, testified that the deposits of Mercantile Bank were insured by the FDIC on the day of the attempted robbery. *See* Trial Tr. at 25, 31. A certificate stating that Mercantile bank was FDIC insured and a certificate stating that Mercantile bank had paid their FDIC premium for the relevant time period were admitted as exhibits, without any objection by defense counsel. *See* Trial Tr. at 29–31. No contrary evidence was presented at trial.

## V. Conclusion.

The court concludes that, for all the reasons discussed, the files and records in this case conclusively show that defendant is entitled to no relief. Therefore, an evidentiary hearing is not necessary. No hearing is required in a section 2255 proceeding if the factual matters raised by the motion may be resolved on the record before the district court. *See United States v. Marr,* 856 F.2d 1471, 1472 (10th Cir.1988).

IT IS THEREFORE ORDERED that defendant's motion to vacate, set aside, or correct his sentence (Doc. # 75) is denied. The clerk is directed to forward a copy of this order to defendant; to Bruce Kips, his trial counsel; and to the office of the United States Attorney.