**F I L E D**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENID CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 04-3286 |
| v. | (D. Kan.) |
| MARICO M. LAFLORA, | (D.C. No. 03-CR-10230-01-WEB) |
| Defendant-Appellant. | |

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. **

---

Marico M. LaFlora was convicted of bank robbery and use of a firearm

during the robbery of a bank in Wichita, Kansas. He appeals the district court's

decision to admit evidence of his prior bank robbery convictions pursuant to Rule

---

\* This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

\*\* After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

404(b) of the Federal Rules of Evidence. Taking jurisdiction pursuant to 28 U.S.C. § 1291, we find the district court did not err and affirm.

## BACKGROUND

On July 14, 2000, a group of three men entered the State Bank of Colwich in Wichita, Kansas. One man was dressed in a suit and tie and the other two were dressed in orange construction vests and baseball hats. Without donning masks, the three men drew guns and proceeded to rob the bank. The man in the suit demanded he be let into the vault, and there he and one of his accomplices stole approximately $70,000. During the robbery, the three men communicated with one other and one or more unseen accomplices using two-way radios. The three men fled the bank in a stolen car, which they abandoned nearby for another car.

The next month, and again in September 2000, two California banks were robbed. One of the men was dressed in a suit or a coat and tie, and at least one of the two accomplices was dressed in a type of uniform, in one case a security officer's uniform, and in the other a Federal Express uniform. The three men robbed the banks at gunpoint, none of them wore a mask, and they communicated using two-way radios. During the August robbery, the man in the suit entered the vault, along with one of his accomplices, and absconded with approximately $100,000. During the September robbery, however, a customer entered the bank and, realizing a robbery was in progress, left to call the police. The robbers

aborted their scheme. After both California robberies, the robbers fled the scene in a stolen car, which was abandoned shortly thereafter for a U-Haul truck.

Immediately after the foiled robbery, the police, based on tips from eyewitnesses, found and arrested three men and one woman at a hotel. One of the males in this group was LaFlora. Subsequently, LaFlora pled guilty to the two California bank robberies. He is currently serving an eighteen-year sentence for those crimes.

As a result of an FBI investigation in Kansas, LaFlora was indicted for the Wichita robbery. Intending to use evidence of the California crimes to show identity, the prosecution filed a pretrial motion in limine regarding the admissibility of the prior crimes evidence. LaFlora objected and the court held an evidentiary hearing. The district court judge concluded the prosecution could submit the evidence of the California robberies to show modus operandi—identity and a common scheme—under Fed. R. Evid. 404(b).

## DISCUSSION

We review a district court's decision to admit evidence of LaFlora's other crimes or bad acts under Rule 404(b) for an abuse of discretion. *United States v. Shumway*, 112 F.3d 1413, 1419 (10th Cir. 1997).

Evidence under Rule 404(b) [1] of other crimes or bad acts can be admitted if four requirements are met. *See Huddleston v. United States*, 485 U.S. 681, 691-92 (1988); *United States v. Zamora*, 222 F.3d 756 (10th Cir. 2000). The first requirement is that the proffered evidence is for a purpose authorized by Rule 404(b) (evidence may be admissible for purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident"). Second, the evidence must be relevant. Third, the probative value of the evidence must not be outweighed by its prejudicial effect. Finally, if requested by the defense, the trial court must tender a limiting instruction to the jury. LaFlora argues only that the evidence at issue in this case does not meet the first *Huddleston* requirement. We have consistently held that evidence of "modus operandi" or a common plan or scheme may be properly submitted under 404(b). *See, e.g., United States v. Gutierrez*, 696 F.2d 753, 755 (10th Cir. 1982). In *Gutierrez*, also a bank robbery case, we explained that "[i]f the crimes share elements that possess 'signature quality,' evidence of the 'other crime' may be admitted." *Gutierrez*, 696 F.2d at 755 (finding sufficient signature quality where, among other similarities, the defendant drove the getaway vehicle and used her

_____

[1] Federal Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]"

children as "cover" in both the prior bank robbery and the bank robbery at issue in the case). We have also held the "other crime" must be similar to the crime charged, but it need not be "identical." *United States v. McGuire*, 27 F.3d 457, 461 (10th Cir. 1994) (citing *Gutierrez*, and finding a "pattern" and "common plan" where in seven other bank robberies, the defendants traveled by van to a medium-sized city, stayed in town for one to two days, purchased an inexpensive used car, and had a specific getaway driving strategy, among other similarities).

Here, the district court permitted the prosecution to present evidence of LaFlora's prior bank robbery convictions under Rule 404(b) for the purpose of identifying LaFlora as one of the men who robbed the bank in Wichita, because the modus operandi for each robbery was similar. LaFlora argues that no reasonable person could conclude that the same person participated in both the Wichita and California bank robberies. He cites to *United States v. Carroll*, 207 F.3d 465, 469 (8th Cir. 2000), for the proposition that the 404(b) evidence regarding similar crimes is inadmissible unless "the District Court [can] make a threshold determination that, based solely on the evidence comparing the past acts and the charged offense, a reasonable juror could conclude that the same person committed both crimes." LaFlora then argues no reasonable juror could conclude he committed the California and Wichita robberies because they were

geographically distant and the common characteristics among them are common to all robberies. We disagree.

First, the robberies at issue here were close in time, evidencing a common plan. Second, there are several characteristics shared by all the robberies. For each robbery, (1) a bank was targeted; (2) there were three men armed with handguns; (3) the robbers did not wear masks; (4) one robber wore a suit or coat and tie; (5) at least one of the robbers wore a work uniform, in one robbery a construction vest, in the other two a security officer uniform and a Federal Express uniform; (6) two of the robbers entered the bank vault, while the other guarded the lobby; (7) the cars used to flee the scenes were abandoned a short distance from the banks; and (8) the robbers used a two-way radio device to communicate with another unseen accomplice.

These shared characteristics form a sufficiently unique modus operandi, making evidence of past robberies properly admissible under 404(b) to show identity and common plan. Accordingly, the district court did not abuse its discretion in admitting the evidence, and we AFFIRM.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge