**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 15, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL CRAIG COOPER,

Defendant - Appellant.

No. 13-3326
(D.C. Nos. 2:12-CV-02710-CM &
2:04-CR-20105-CM-JPO-1)
(D. Kan.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **GORSUCH**, and **MORITZ**, Circuit Judges.

Following a six-week trial, a jury convicted Michael Craig Cooper of

numerous federal charges arising from his role as founder and president of

Renaissance, The Tax People, which developed and sold what proved to be a system

of fraudulent tax deductions for owners of home-based businesses. Cooper appealed

his convictions and his 240-month sentence.[1] A panel of this court affirmed his

---

[*]     This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]     Cooper was convicted of one count each of conspiracy to defraud the United States, conspiracy to commit mail fraud, and conspiracy to commit wire fraud; seventeen counts of mail fraud; eleven counts of wire fraud; one count of conspiracy to launder money; forty-one counts of engaging in monetary transactions in property derived from an unlawful activity; and two counts of money laundering. The jury

(continued)

convictions. *United States v. Cooper*, 654 F.3d 1104, 1129 (10th Cir. 2011). Cooper then filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, accompanied by a supporting memorandum, a supplemental brief, and a reply (together, the § 2255 Motion). The district court denied the motion on the merits and also denied a certificate of appealability (COA).

Again proceeding pro se, Cooper has applied for a COA from this court (Application) to appeal the denial of his § 2255 Motion. Construing Cooper's pro se filings liberally, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), we deny his request for a COA and dismiss this matter.

## LEGAL STANDARDS

To appeal the denial of his § 2255 Motion, Cooper must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make such a showing, Cooper must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Cooper seeks a COA on claims that his appointed counsel's performance at trial and, in some respects, on direct appeal, was constitutionally ineffective. An

---

acquitted him of fifty-six counts of assisting in the preparation of false tax returns and nineteen counts of mail fraud.

- 2 -

applicant claiming ineffective assistance of counsel must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Cooper also contends the district court erred by not holding an evidentiary hearing on many of his claims. "When a federal prisoner files a petition for post-conviction relief, the district court must hold an evidentiary hearing on the prisoner's claims 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (brackets omitted) (quoting 28 U.S.C. § 2255(b)).

## DISCUSSION

### 1. Speedy Trial Act

Cooper first seeks a COA on his claim that his trial counsel was ineffective in failing to move to dismiss the indictment based on a violation of the Speedy Trial Act (STA). The STA generally requires a federal criminal trial to begin within seventy days from the date a defendant is charged or makes an initial appearance, but it excludes certain periods of delay from the calculation. *See* 18 U.S.C. § 3161(c)(1), (h). The district court denied relief on the ground that Cooper failed to show that

seventy nonexcludable days elapsed between his initial appearance and his trial, and therefore counsel's performance was not deficient for failing to file a motion to dismiss. In the alternative, the court concluded that even if Cooper could show an STA violation, he failed to show the result of the proceeding would have been different. The court reasoned that if counsel had successfully moved to dismiss the indictment, the dismissal would have been without prejudice because none of the factors set out in 18 U.S.C. § 3162(a) warranted dismissal with prejudice,[2] and Cooper did not show that the government would have been precluded from refiling the charges.

In his Application, Cooper reiterates his argument regarding an STA violation. But we need not assess that argument because Cooper does not challenge the district court's alternative prejudice analysis, the correctness of which is not reasonably debatable. Accordingly, we deny a COA on this claim.

**2. Mistrial/jury taint**

Cooper next seeks a COA on his claim that his counsel should have moved for a mistrial after it came to light during jury deliberations that the jury foreperson had some outside knowledge of the case and had informed other jurors that she had caught Cooper in a lie and considered him guilty. The trial court removed the

---

[2] Those factors are "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2).

foreperson from the jury when these circumstances came to light. Cooper also faulted counsel for not raising the issue on direct appeal. The district court denied relief on this claim for two reasons.

The district court first concluded trial counsel's performance was not deficient based on counsel's sworn declaration outlining three strategic reasons for not moving for a mistrial: (1) the trial had gone well, and the government would improve its preparation of the case the second time around; (2) Cooper strongly believed he could not select a better jury in a second trial; and (3) the removal of the foreperson emphasized to remaining jurors the need to be fair and impartial. The district court also observed that at trial and in open court, Cooper agreed with the court's decision to remove the foreperson.

The district court further concluded Cooper could not show *Strickland* prejudice because even if his counsel had moved for a mistrial, the district court would have denied it. The court based this conclusion on the fact that after the court removed the jury foreperson, it questioned each remaining juror, and each juror confirmed his or her ability to resolve the case based on the evidence and the court's instructions.

Before us, Cooper reiterates his claim that his counsel refrained from moving for a mistrial because counsel's law practice could not afford the additional time necessitated by another six-week trial. Cooper based this assertion on one of several admissions counsel allegedly made to Cooper, as set forth in Cooper's declaration

submitted in support of his § 2255 Motion. However, the district court refused to credit the alleged admissions, finding an absence of factual support, "such as when the admissions were made, how the admissions came about, or the context of the discussion leading to these admissions." R., Vol. 1 at 873 n.1. Based on this lack of detail, the court characterized Cooper's statements as "self-serving, conclusory, and inherently incredible." *Id.*

We conclude Cooper has not demonstrated any error in the district court's refusal to credit his declaration statement regarding counsel's alleged self-interest in not moving for a mistrial. In any event, counsel's alleged motivation is irrelevant in light of the district court's conclusion that it would have denied a motion for a mistrial. A COA is not warranted on this claim.

**3. Wire fraud jury instruction, defective indictment**

Next, Cooper seeks a COA on his claim that his counsel was ineffective in failing to object to a jury instruction regarding the elements of wire fraud. He argued the instruction required the jury to find only that he *used* or caused another person to *use* an interstate or foreign wire communications facility for the purpose of carrying out a fraudulent scheme, not that an interstate or foreign wire transfer had *actually taken place*, as required by the statute of conviction, 18 U.S.C. § 1343. Further, Cooper contended the indictment was defective because it lacked an allegation that an interstate or foreign wire transfer had actually occurred, and he claimed that absent an allegation that a wire transfer actually touched the charging district

- 6 -

(Kansas), venue was improper. Finally, he argued his counsel was ineffective in failing to raise these issues on direct appeal.

The district court concluded Cooper's counsel was not ineffective in failing to object to the instruction because the instruction was derived from this circuit's pattern criminal jury instructions. Further, the court concluded Cooper failed to show prejudice as the government presented ample evidence of his guilt, including witness testimony, emails, and facsimile transmissions. For these reasons, the district court rejected Cooper's arguments about the indictment and lack of venue.

Cooper does not address the district court's conclusion regarding counsel's failure to object to the jury instruction, and we do not find the resolution of that portion of the claim reasonably debatable. Further, all eleven counts of the indictment alleged interstate wire communications, ten of which were received in Kansas, so reasonable jurists could not debate whether counsel was ineffective in failing to seek dismissal of either the indictment as defective or the case for lack of venue. We deny a COA on this claim.

Additionally, Cooper contends the government failed to present evidence of wire transfers to the jury. *See* Brief in Support of Application at 24. But Cooper did not present this argument in his § 2255 Motion, either as an insufficiency complaint or as a claim of ineffective assistance of counsel in failing to challenge the sufficiency of the evidence regarding the wire transfers on direct appeal. Because we could not consider this argument on appeal, a COA is not warranted. *See Schrock v.*

*Wyeth, Inc.*, 727 F.3d 1273, 1284 (10th Cir. 2013) (stating that "[a]rguments that were not raised below are waived for purposes of appeal," including "when a litigant changes to a new theory on appeal that falls under the same general category as an argument presented [in the district court]" (internal quotation marks omitted)).[3]

**4. Mail fraud jury instruction, defective indictment**

Along the lines of the previous claim, Cooper seeks a COA on his claim that counsel was ineffective for failing to object to the jury instruction on mail fraud. In relevant part, the instruction required the jury to find that Cooper "mailed something or caused another person to mail something through the United States Postal Service [(Postal Service)] or United Parcel Service for the purpose of carrying out the scheme." R., Vol. 1 at 392. Cooper argued this instruction misstated the law as set out in the charging statute, 18 U.S.C. § 1341, which he argued does not criminalize "a person who might 'cause' mail matter to be sent or delivered by the Postal Service." R., Vol. 1 at 727. He claimed the instruction permitted the jury to convict him on a finding that he "merely 'caused' someone else to place certain described matter into the post office or a mailing receptacle." *Id.*

---

[3]     Given our view that this argument would be forfeited in an appeal from the denial of Cooper's § 2255 Motion, we need not determine whether it also would be precluded by res judicata or the law-of-the-case doctrine based on this court's rejection of a sufficiency challenge to the wire-fraud charges in his direct appeal. *See Cooper*, 654 F.3d at 1116-19.

As with the previous claim, the district court concluded counsel was not ineffective in failing to object to the instruction because it was derived from this circuit's pattern criminal jury instructions, and Cooper has not addressed that conclusion in his Application. The court also determined Cooper failed to show prejudice because he was charged with aiding and assisting the commission of mail fraud in violation of 18 U.S.C. § 2, implying it was sufficient that the evidence showed Cooper caused someone to place something in furtherance of the scheme with the Postal Service for delivery. We conclude reasonable jurists could not debate the correctness of the district court's stated rationales for denying relief as to the instruction.

Further, we note that the district court's rationale is bolstered by a provision in § 1341 that Cooper fails to mention. That provision criminalizes the conduct of a person who "knowingly causes to be delivered by mail or [private or commercial interstate] carrier" any matter or thing for the purpose of executing the fraudulent scheme. We conclude the jury instruction accurately reflected the statute, and reasonable jurists could not debate whether counsel was ineffective in failing to object to the instruction.

As part of this claim, Cooper also argued his counsel was ineffective in failing to move to dismiss Count 58—mail fraud arising from the use of the United Parcel Service (UPS)—because there was no evidence at trial to establish that the underlying conduct occurred within the five-year statute of limitations or that UPS

- 9 -

was an "interstate carrier" within the meaning of § 1341. The district court did not address these contentions, but we see no arguable merit in them. First, as the government pointed out in its response to the § 2255 Motion, Count 58 alleged the use of UPS on August 31, 1999, to deliver an item from Kansas to Missouri, and the original indictment was returned less than five years later, on August 13, 2004. *See United States v. Dunn*, 961 F.2d 648, 650 (7th Cir. 1992) (finding no violation of five-year limitations period for mail-fraud charge when indictment was returned less than five years after date of mailing). Second, although we find no definition of the term "commercial interstate carrier" as used in § 1341, Cooper has not advanced, nor can we conceive, an argument that UPS falls outside this statutory term.

**5. Summary testimony and exhibits**

Next, Cooper seeks a COA on his claim that counsel was ineffective in failing to object to summary testimony and exhibits on the ground that there was no proper foundation and that "the exhibits had no support as to their authenticity or relevance." R., Vol. 1 at 731. The district court denied relief because Cooper failed to support his argument by explaining "how any specific piece of evidence lacked foundation, authenticity, or relevance," *id.* at 877, and he did not attempt to show prejudice. Cooper's argument in his Application is similarly deficient, and we therefore conclude he has not shown an entitlement to a COA on this claim.

**6. Appellate ineffectiveness**

In another claim, Cooper argued his attorney was ineffective on direct appeal by failing to present any of the claims raised in the § 2255 Motion, specifically referring to the wire- and mail-fraud instructions and counsel's alleged self-interest in not moving for a mistrial based on the jury foreperson's statements to other jurors. The district court addressed only those two specific issues, concluding counsel focused on the strongest arguments on appeal and Cooper failed to demonstrate prejudice because there was no reasonable probability he would have prevailed on appeal as to either the jury-instruction or mistrial issues.

In his Application, Cooper targets only the two specific issues addressed by the district court. Because we have denied a COA on those issues, we conclude the lack of prejudice is dispositive, and a COA is not warranted on this claim.

**7. Failure to prepare defense**

Cooper also seeks a COA on his claim that his trial counsel was ineffective in failing to prepare any defense, prepare Cooper to testify, make an opening statement, and interview any of the more than 600 potential defense witnesses, who would have testified that they endorsed the Renaissance tax system. The district court found no evidence that Cooper identified to his counsel any specific potential witness prior to trial and further concluded it was unclear what information any of the witnesses could have provided that would specifically relate to the charges or the legality of Cooper's conduct. The court also noted that, among other things, counsel hired a

private investigator, billed more than 900 hours over two-and-one-half years of representation, meaningfully cross-examined witnesses, made relevant and necessary objections, and obtained an acquittal on half of the charges. The court further observed that Cooper had not shown prejudice in any failure to prepare him to testify.

A COA is not warranted on this claim. Even if counsel's performance was deficient, Cooper's arguments (in both his § 2255 Motion and his Application) lack the specificity required to demonstrate prejudice.

**8. Sentencing**

In another claim, Cooper asserted his counsel was ineffective in failing to object to a sentencing enhancement under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court denied relief on this claim because Cooper did not explain how *Apprendi* applied to his case and did not identify any basis supporting a downward departure in sentence. In his Application, Cooper offers no further explanation. Consequently, he has not shown entitlement to a COA.

**9. Plea agreement**

The district court conducted an evidentiary hearing on Cooper's claim that his counsel did not present him with two plea offers. After hearing the testimony from counsel and Cooper, who was then represented by an attorney, the district court orally ruled from the bench. Based in part on its observation of the witnesses' demeanor, the court found counsel credible and Cooper not credible. Specifically, the court credited counsel's testimony that he had presented and explained both plea

offers (although the explanation of the first came prior to receipt of the written offer), including the elements of the charges, but Cooper adamantly rejected the offers, insisting on his innocence and instructing counsel to focus on the trial. R., Vol. 4 at 1083.

Notably, the district court specifically commented that although "possibly not completely captured on the written transcript," Cooper's testimony appeared "self-serving, deliberate, measured, and calculated. [He] seemed willing to say anything to reduce his sentence." *Id.* The court pointed out several inconsistencies in Cooper's testimony, including that in his original § 2255 declaration, Cooper averred that "at no time prior to my trial did my attorney . . . ever present me with a plea offer from the government." *Id.* at 1084. But when confronted at the hearing with two letters conveying the offers to him, Cooper admitted he might have seen them. Consequently, the court concluded counsel had not rendered deficient performance.

The court further determined that even if counsel performed deficiently, Cooper was not prejudiced. Although Cooper stated he would have accepted the first plea offer (which included a binding ten-year sentence) if counsel had advised him about the "concert of action" theory of conspiracy, the court found Cooper could not have acknowledged his responsibility in open court as part of accepting a plea offer because he had so adamantly proclaimed his innocence from indictment through appeal, and even continued to dispute at the hearing some of the factual bases set forth in the plea agreements. As to the second plea offer, which included a

fifteen-year maximum sentence, Cooper testified he was unsure whether he would have accepted it given that he would probably receive a ten- or fifteen-year sentence if found guilty.

In his Application, Cooper's arguments focus on the fact that counsel's explanation of the first plea agreement came before receipt of the written offer, and he faults counsel for not explaining the written terms. He also contends his counsel failed to explain the "concert of action" theory of conspiracy, which would have altered his view of his own innocence. But the district court found credible counsel's testimony that he explained that offer and the elements of conspiracy but Cooper was not interested in the offer. Cooper has not shown that reasonable jurists could debate whether the court's credibility findings were clearly erroneous. *See United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988) (reviewing for clear error a district court's factual findings after an evidentiary hearing). Nor has he shown that the court's legal conclusions are reasonably debatable. We therefore deny a COA on this claim.

**10. Cumulative error**

Finally, Cooper urges us to grant a COA on cumulative error. "A cumulative-error analysis aggregates all errors found to be harmless and analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." *United States v. Toles*, 297 F.3d 959, 972 (10th Cir. 2002) (internal quotation marks omitted). The only errors to be aggregated are those that we or the district court assumed could have involved

- 14 -

deficient performance by counsel: the STA claim and the "failure to prepare a defense" claim. But as noted above, Cooper has not challenged the district court's prejudice analysis on the STA claim, and his arguments regarding the failure to prepare a defense claim lacked the specificity to show prejudice. Accordingly, reasonable jurists could not debate whether the cumulative effect of those errors substantially impaired Cooper's right to a fair trial.[4]

## CONCLUSION

For the foregoing reasons, we deny a COA on all claims. We further conclude the district court did not abuse its discretion in refusing to provide an evidentiary hearing on any claim other than the plea-agreement claim. *See United States v. Whalen*, 976 F.2d 1346, 1348 (10th Cir. 1992) (setting forth abuse-of-discretion standard of review for denial of § 2255 evidentiary hearing). We therefore dismiss this matter.

Entered for the Court


Nancy L. Moritz
Circuit Judge

---

[4] The district court did not rule on cumulative error, perhaps because Cooper did not clearly raise the issue in his § 2255 Motion. Instead, he alluded to such error only in his § 2255 reply brief, where he argued the cumulative prejudicial effects of counsel's alleged failures regarding the jury instructions and the mistrial. But because we readily conclude a COA should not be granted on cumulative error, we need not determine whether Cooper adequately presented the issue to the district court.